SMITH ET AL. v. JAMES ET AL.

1. **Will:** INCAPACITY OF TESTATOR: UNDUE INFLUENCE: EVIDENCE ON APPEAL. The evidence in this case (see opinion) as to the incapacity of the testator and undue influence leading to the execution of the will in question, was conflicting, but *held* that there was not such a lack of evidence to support the finding of the trial court as to justify a reversal by this court.

2. ——: ——: EVIDENCE: RELATIVES DISCARDED. The fact that a testator discards his relatives, and devises all his property to mere friends, is not, in the absence of other evidence, of any weight in support of the claim that the testator wanted capacity to make a will.

3. **Assignment of Errors:** MUST BE SPECIFIC. Errors not specifically pointed out, as required by § 3207 of the Code, will not be considered on appeal.

4. **Will:** PROBATE: COMPETENCY OF WITNESS: TRANSACTIONS WITH TESTATOR. Code, § 3639, does not prohibit one of the devisees in a will from testifying to a personal transaction between another legatee and the testator, in a contested proceeding to probate the will; but a witness whose testimony discloses his interest in the controversy is not competent, under said section, to testify to a personal transaction between himself and the testator.

*Appeal from Pottawattamie Circuit Court.*

MONDAY, OCTOBER 10.

PROCEEDINGS to probate the will of Jacob Smith, the plaintiffs contesting it. By the final order of the court below, it was admitted to probate. Plaintiffs appeal.

*T. H. Kemp* and *Sapp & Pusey*, for appellants.

*Flickinger Bros.*, for appellees.

BECK, J.—I. The will in controversy leaves to defendants all of the testator's property, consisting of 240 acres of land, as nearly as we can determine from the abstract, and some personal property of no very great value. They were not of kin to the testator, while the plaintiffs are brother and sisters or other near relatives. The plaintiffs contest the probate of the will on the ground, as they allege, that the testator, when

*1. WILL: incapacity of testator: undue influence: evidence on appeal.*

it was executed, was not of sound and disposing mind, and therefore did not possess capacity to dispose of his property by will.

The evidence upon the issues of the case is voluminous, many witnesses testifying as to the condition of the mind of the testator. Their evidence is of the usual character introduced upon like issues in cases involving like contests of wills, based upon the incapacity of testators. Experts, acquaintances and familiars of the testator testified as to facts, and expressed opinions relating to his condition of mind. Their testimony is conflicting. It cannot be claimed that there is such absence of proof in support of the court's judgment as will authorize us to interfere. The testator, when the will was made, was about seventy years of age, and of infirm health, though apparently capable of attending to affairs not requiring the exercise of much strength. He was not confined to his bed or room. He had before been quite sick, and during his sickness exhibited evidence of a disturbed mind. But the evidence fails to show that this condition continued to the time the will was executed. On the contrary, it appears that he had regained his faculties, and his mind was then in its normal condition. He had lived a long time by himself, without intercourse with his relatives. He had neither wife nor child. His wife and an only child had died many years before his death. As his age advanced, and infirmities increased, he had requested one of his sisters and her family to live with him ; promising to leave all his property to her. The request was refused, and it appears that the incident had the effect to create a feeling in the testator's mind against his relatives.

These facts serve to explain the purpose he expressed, that he would so dispose of his property that no part of it should go to his relatives. While men commonly have an affection for relatives, and a family pride, which influence them in the disposition of their property by will, the law recognizes no rule which regards a

2. ——: ——: evidence: relatives discarded.

will of all property to strangers as evidence of a non-disposing mind, and undue influence. The fact that the devisees and legatees in the will before us were not relatives of the testator, but friends only, in the absence of other evidence, is of no weight in support of plaintiffs' claim that the testator wanted capacity to make a will.

We reach the conclusion that the judgment of the circuit court is sufficiently sustained by the evidence.

II. Rulings of the circuit court upon the admission of evidence are complained of by plaintiffs' counsel. Many of them are not sufficiently specified in the assign-

3. ASSIGN-MENT of errors: must be specific. ment of errors, which in the most general and indefinite way refers to the errors objected to. Under repeated decisions of this court, these objections cannot be considered. (Code, § 3207.) Counsel's argument in referring to these alleged errors is quite as inexplicit as the assignment of errors.

III. One of defendants was permitted, against plaintiffs' objection, to testify to a conversation between the testator and the other defendant, heard by him. The conver-

4. WILL: probate: competency of witness: transactions with testator. sation was not a transaction between the testator and the witness, and therefore was not incompetent, under Code, § 3639. *Mayes' Adm'r v. Turley*, 60 Iowa, 407.

IV. A witness for plaintiffs testified to certain personal transactions and communications had with the testator. His evidence, so far as it related. thereto, was excluded,

THE SAME. upon motion of defendant. The ruling is correct, for the reason that the witness clearly disclosed in his testimony his interest in sustaining the will. Code, § 3639.

The objections we have considered are the only ones stated with sufficient explicitness in the assignment of errors required by Code, § 3207.

The judgment of the district court is        AFFIRMED.