## TODD v. MARTIN.

### No. 18,307; September 17, 1894.

#### 37 Pac. 872.

**Appeal—Conflicting Evidence.**—A Verdict Rendered on conflicting evidence will not be disturbed.

**Estate of Decedent—Services of Nurse.**—Evidence Showing that services were rendered by one as nurse to deceased is sufficient to charge the estate therefor, without proof of an express request by deceased.

**Estate of Decedent—Services as Charge.**—Where plaintiff, after the death of deceased, continued in his former work of taking care of the latter's stables and stock without any authority from the administratrix, such services form a charge of necessity on the estate.[1]

**Estate of Decedent.—Expenses Incurred by the Widow Before** she was appointed administratrix, and not apparently for the benefit of the estate, are not chargeable against it.

**Witnesses—Claim Against Decedent.**—Code of Civil Procedure, section 1880, disqualifies parties or assignors of parties to an action against an executor or administrator, or persons in whose behalf such action is prosecuted on a claim against the estate of the deceased, from testifying as to facts occurring before the death of the deceased. Held, that the disqualification applies only to those parties who assert claims against the estate.

---

[1] Cited with approval in Re Murray's Estate, 56 Or. 137, 107 Pac. 21, where it was held valid for the heir to anticipate administration in expressly retaining in service the old keeper of a valuable stallion belonging to the estate. The court said: "He was entitled to compensation from Emma Murray for the value of his services, and she was entitled to be reimbursed therefor out of the estate by the administrator when appointed."

Administrator—Action Against—Witnesses.—Code of Civil Procedure, section 2049, provides that the party producing a witness shall not impeach his credit by evidence of bad character, but may contradict him by other evidence, and show former inconsistent statements. Held, that the plaintiff in an action against an administratrix, having called her to testify in his behalf, is not necessarily bound by her answer.

Administrator—Action Against—Witnesses.—In an Action Against an administratrix for services as nurse to deceased, one who served in the same capacity alternately with plaintiff may testify as to the nature and amount of the services.

APPEAL from Superior Court, Trinity County; T. E. Jones, Judge.

Action by E. N. Todd against Isabell J. Martin, administratrix of the estate of John Martin, deceased, to recover for services as nurse to the deceased in his last illness, and for other services. Judgment for plaintiff, and defendant appeals. Affirmed.

Walter H. Linforth for appellant; James W. Bartlett for respondent.

HAYNES, C.—The defendant appeals from the judgment entered against her upon the judgment-roll and a bill of exceptions setting out the evidence. A demurrer to the complaint was overruled. No point is made thereon in appellant's brief, and, as the complaint states a cause of action, the other objections raised need not be noticed. The claim consisted of several items, aggregating $876.66, and stated several credits, leaving an alleged balance due plaintiff of $368.16, and was allowed by the administratrix, upon presentation, for the sum of $57.08. The jury returned a verdict for $361.16, upon which judgment was entered for plaintiff. Appellant reserved a large number of exceptions to evidence, and also specifies particulars wherein the verdict is not justified by the evidence. The sufficiency of the evidence will be first considered.

1. The first item in plaintiff's claim is for the sum of $93, alleged to have been given by the plaintiff to John Martin in May, 1891, to be placed in his safe for safekeeping. There was evidence from which the jury would be justified in find-

ing the delivery of the money to Martin, and that it was put in the safe. There was also evidence tending to prove that on February 5, 1892, the money had not been returned to plaintiff. When delivered to Martin, the money was in a purse, according to the testimony of Mr. Everhart, and was counted by Martin; and that on February 5, 1892, he, Everhart, heard Mr. Martin say to plaintiff that he was going below, to be gone some time, and asked Todd whether he wanted his purse, to which Todd replied that he did not. Mr. Martin died July 30, 1892. On August 17th, Mr. Spratt, the public administrator, took charge of the estate, and opened the safe, but did not find any purse containing money; that he found an empty leather bag, which was neither marked nor tagged. John Hewston, who had been in Martin's employ for about fifteen years, testified that he knew of Martin's custom with reference to keeping money and packages in his safe for others; that he had frequently kept money for him; but that it was his invariable custom to tag or label all money, packages or purses belonging to others with their names upon them. A period of nearly seven months elapsed after the conversation in relation to the purse, testified to by Everhart, before the death of Martin, during which the plaintiff had almost daily opportunities of receiving back his purse. On the other hand, plaintiff, during all the time after the deposit, was in the employ of Martin at a salary of $50 per month, and it does not appear that at any time he was in need of money beyond that which he received for his labor. Whatever may be our opinion as to the weight of evidence, we think the evidence was such as to require its submission to the jury, and that this court should not disturb the verdict thereon.

2. As to the amount of credits defendant was entitled to on plaintiff's account for services, the testimony was conflicting to such an extent that we are not permitted to say that upon that point the verdict is not justified by the evidence.

3. It is contended that there is no evidence tending to establish the fact that plaintiff rendered "fifteen days' service, or any number of days' services, to John Martin, as a nurse, at his request." Inasmuch as defendant admitted that plaintiff did serve as a nurse for John Martin for five days during his last illness, we infer that counsel for appellant bases the

alleged insufficiency of the evidence upon the absence of direct evidence of a request by John Martin. We think the evidence was sufficient in both particulars. It is not necessary that there should be direct evidence of an express request. The fact that he was called from his regular employment at the livery-stable, and devoted his time to the care of Mr. Martin, with his knowledge and that of his wife and the attending physician, is sufficient to show a request. Or, if Mr. Martin had been unconscious, the request of the wife or the physician would have been deemed his request.

4. One item in plaintiff's claim is for seventeen days' services at the stable, from August 1st to the 17th, which was after the death of Mr. Martin. It is objected that these services were not shown to have been rendered "at the request of Mrs. Martin, as administratrix of the deceased." The facts were that, prior to his death, the deceased conducted a livery-stable, and plaintiff was employed therein for a year or more at a compensation of $50 per month. From the time of Martin's death until August 17th, there was no administrator or other person legally authorized to take charge of the estate, or to employ anyone in any service connected therewith. It could not have been the duty of the plaintiff, in view of his past employment by Mr. Martin in that service, to have ceased to care for the property, or permit the horses to die of hunger or thirst. Services of this character so rendered prior to the appointment of an administrator must be deemed to have been included in the term of service contracted for by the deceased, and to form a proper charge against the estate; or, if it cannot be placed upon that ground, it is, while not a debt either of the intestate or the administrator, a charge thrown upon the assets by necessity, but for which the administratrix subsequently appointed would not be personally liable. It is analogous to a claim for funeral expenses paid by a person other than the administrator or executor, which, at common law, are a charge against the estate, though not strictly a debt due from the decedent. In Patterson v. Patterson, 59 N. Y. 574, 17 Am. Rep. 384, the defendant in an action upon an obligation made to the deceased, but payable to the executor, was permitted to set off the funeral expenses of the deceased paid by the defendant. In Hapgood v. Houghton, 10 Pick. (Mass.) 154, it was held that the law raises a promise on the

part of the executor or administrator to pay for the funeral expenses as far as he has assets, and that if he have no assets he should plead that fact in bar, and that if he has, the judgment must be against them in his hands. Humanity, as well as the interests of the estate, required that the stock be cared for, and no one could more appropriately assume that duty than one who had been employed by the decedent in his lifetime to perform the same service; and as to the value of the services, that compensation which had been paid plaintiff by the decedent will be deemed reasonable; and as to services rendered after the death of Mr. Martin, plaintiff is a competent witness.

The item in plaintiff's claim for the sum of $5 of plaintiff's money, expended in making a trip to Redding and return at the request of Mrs. Martin, August 6, 1892, for the purpose of bringing Henry Martin to Weaverville, is not a charge for which the estate is liable. Mrs. Martin was not then administratrix, nor does the service appear to have been for the benefit of the estate, and no evidence should have been received in regard thereto. It is clear, however, that this item was disallowed by the jury. This item was for $5. There was another item for $2 for "cash paid Lewis Moore, in change." The least of the remaining four items was $28.33. No evidence was given as to the $2 item. The verdict was for $361.16, while the amount claimed was $368.16, the difference being the amount of this and the $2 item above named. The error did not, therefore, prejudice the defendant.

Plaintiff called the defendant as a witness, and asked her to give the dates and items of the cash payments made to the plaintiff between the first day of June, 1891, and the 15th of August, 1892. Counsel for defendant objected, on the ground of incompetency, under subdivision 3 of section 1880 of the Code of Civil Procedure, and the objection was overruled. Defendant thereupon, as such witness for the plaintiff, was permitted, over the objection of defendant, to testify from the books of the deceased to the several items of payments referred to in the question. Section 1880 of the Code of Civil Procedure provides: "The following persons cannot be witnesses: 3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator

upon a claim, or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person.'' This section has been several times considered by the court, but never under precisely the circumstances here existing. We think, however, that in Chase v. Evoy, 51 Cal. 618, a construction was given which may fairly be held to include this case. There the action was against the administratrix upon a claim against the estate, the claim consisting of a promissory note made by the decedent and two others, who were also defendants. The administratrix of the deceased maker called one of her codefendants, and proposed to prove by him ''what, if anything, had been paid thereon, and how paid.'' This court, after saying that the language of the statute, if literally construed, might exclude all parties to the action, whether called to testify for or against the estate, but that to give it such construction would defeat the manifest purpose of the act, and that the language was capable of a different construction, further said: ''Parties to the action, or in whose behalf it is prosecuted, are not allowed to testify against the estate in a suit to establish a demand against it. One of the parties to the transaction out of which the demand originated being no longer in esse, it was deemed unwise to permit the other party to testify to his version of the demand when called by the plaintiff in a proceeding to establish the demand. The statute, it is true, provides in general terms that 'the parties to an action or proceeding' against the estate shall not testify, but the obvious meaning of this provision is that a party to the action shall not testify against the executor or administrator.'' We think it could not have been the intention of the legislature to render incompetent as a witness in such cases the executor or administrator who is charged with the duty of protecting the estate against improper or unjust demands, as in many cases it would tie his hands, and operate to prevent his giving efficient protection, and compel him to stand by with lips sealed, and see the estate despoiled, when, if permitted to speak, the fraudulent or unjust character of the claim would be exposed and defeated. Nor do we think the language of the code inconsistent with such construction, but, on the contrary, that its manifest intent and purpose require it. We think it is only parties who assert claims against an estate who are rendered

incompetent to testify, and that the word ''parties'' does not refer to the executor or administrator who is the party defendant. If, however, the executor or administrator is the assignor of the claim asserted by the plaintiff, or is a person for whose benefit it is prosecuted, or himself asserts a claim, as he may do, the other language of the section is sufficient either to fix him as the party prosecuting the claim, or as the person for whose benefit it is prosecuted, and upon that ground declare him incompetent, but does not do so simply because he is the party defendant. In Blood v. Fairbanks, 50 Cal. 420, it is true, it was said that all parties to the action were incompetent. But in that case it was not necessary to decide that question. Hewitt had assigned to Blood his interest in the contract, but for some reason he was made a party to the action, though, as he had no interest, he was merely a nominal party. He was held to be incompetent as a witness, because he was a party. But he would have been incompetent if he had not been a party, for the reason that he was an assignor of the plaintiff, and so within the express letter of the statute. In the case at bar we see no reason why the defendant was not a competent witness, and, being competent, because not within any of the grounds mentioned in the code rendering her incompetent, the plaintiff had the right to call her as his witness.

Plaintiff was asked whether he had a conversation with Mrs. Martin, after the death of Mr. Martin, relative to the purse alleged to have been placed in the safe. The objection made by defendant was properly overruled. The question did not call for the conversation, and the conversation itself might have been of a character to make it relevant and competent. The conversation, as afterward given by the witness, was unimportant; but, if it was not competent, there was no motion to strike it out.

The testimony of J. C. Todd is relevant so far as it shows the opportunity his employment as nurse gave him of knowing of the services of the plaintiff in the same capacity, and the character of the services required as a nurse in that case. The fact that plaintiff came in the evening and assumed the duties of nurse, and that the witness found him there in the morning when he returned, was evidence from which the jury could properly infer, in the absence of evidence to the con-

trary, that plaintiff was on duty all night; and defendant's motion to strike out the testimony of the witness was properly denied.

As to appellant's contention that respondent, having called Mrs. Martin as a witness, is bound by her answers, it is sufficient to say that section 2049 of the Code of Civil Procedure, lays down a different rule. The instruction given to the jury upon this point at defendant's request was not accurate, but was evidently not understood, either by the court or jury, to mean what counsel now contends it means. The court certainly did not understand by the words, "the plaintiff is bound by the testimony of the defendant given by her while a witness on his own behalf," more than is expressed in the section of the code above cited. Besides, this instruction must be taken in connection with others requested by the defendant, to the effect that the jury were the exclusive judges of the evidence, and that they might "reject the most positive testimony of a witness."

The modifications of defendant's requests to instruct the jury were proper, and the instructions refused were properly refused. These modifications and refusals, so far as they represent any question of importance, fall within points already discussed, and need not be further noticed.

Finding no error which requires a reversal, we advise that the judgment be affirmed.

We concur: Vanclief, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is affirmed.