BURTON J. HOPKINS, Respondent, *v.* FRANK W. CLARK, as Administrator with the Will Annexed of JOHN CLARK, Deceased, Appellant.

*Services — declarations of, and transactions with a decedent — proof of value — interest.*

Where an elderly and feeble man induced his adopted daughter and her husband to move from their farm to his own, promising to provide for them by his will and to allow the husband to work the farm on shares, and thereafter failed to make any provisions in his will for the adopted daughter, the husband can recover for the value of his services and those of his wife.

Where, in order to establish a counterclaim, the defendant in an action, an administrator, proves by the plaintiff the execution of a note made by the plaintiff to the decedent and held by the estate of the testator, the plaintiff may, on his own behalf, state the consideration of the note.

Where an action is brought by a husband to recover for services rendered to a decedent by himself and his wife, the wife may testify to conversations which took place between her husband and the decedent in which she took part, for the reason that, while the husband is entitled to charge for his wife's services, he does not derive his claim to them from or under her.

Declarations of a decedent, not made in the presence of the plaintiff, of his purpose in inducing the plaintiff to come and stay upon the decedent's farm, constitute no proof of such an arrangement, but are admissible in corroboration of the facts in that regard which appear from other evidence in the case.

Where an action is brought to recover for the services of the plaintiff and his wife, and she has described certain services rendered, it is proper to receive evidence as to the value of those services provided the estimate is based upon her description of them alone. A question thus framed is in the nature of a hypothetical question.

In such an action the plaintiff is entitled to interest from the time of the commencement thereof.

APPEAL by the defendant, Frank W. Clark, as administrator, etc., of John Clark, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Wayne on the 3d day of October, 1894, upon the report of a referee.

*H. R. Durfee*, for the appellant.

*M. Hopkins*, for the respondent.

BRADLEY, J.:

The defendant's testator died about September 1, 1883. This action was commenced May 8, 1885. Its main purpose was to

recover for alleged services of the plaintiff, his wife and other members of his family performed for the decedent from in April, 1877, to the time of his death, including the expense of removing plaintiff's furniture and other personal property from his premises to those of the testator, in the spring of 1877. The defendant was the adopted son of John Clark, and after his marriage, until the spring of 1877, he resided in a house upon the farm of his foster father, and worked the farm.

The latter also resided in another house upon the farm. Early in that year the defendant concluded to leave the farm, and go into business elsewhere. Thereupon the plaintiff, who owned and occupied a small farm a few miles distant, was requested by the testator to move on to the farm of the latter, occupy the house to be vacated by the defendant, work the farm, etc. The plaintiff's wife was the adopted daughter of the decedent, and there is evidence tending to prove that he stated that she would be remembered by him in his will, and that he would do as well by her as he did by Frank. This expectation may have been some inducement to the plaintiff to go on to Clark's farm when and as he did. At all events such inference is permitted by the evidence. As it finally turned out the testator gave by his will nothing to the plaintiff's wife, but by it gave his property to Frank W. Clark, the defendant. The decedent was advanced in years, and the evidence tends to prove that he was quite feeble a considerable portion of the time the plaintiff was on the farm; that the plaintiff and his wife, and more especially the latter, assisted in waiting upon and taking care of him; that she also performed other services in Mr. Clark's family; that the plaintiff's boys also performed services by way of doing chores for the decedent, and that those services were worth $100 per year for six years, making $600. This is the amount charged by the plaintiff for such services in his statement presented to the defendant before he commenced the action. It does not very clearly appear upon what specific arrangement the plaintiff worked the farm. But the fact that he and Clark each had a share of the crops tends to prove that he operated it on shares. The plaintiff charges by his complaint that the defendant's testator became indebted to him for services, other than those before mentioned, in the sum of $150, and gave evidence to the effect that he built new

fences on the farm, cleared some of the land of underbrush and stone, made an open and a blind ditch, trimmed the orchard, repaired the barn and stables, built a hog pen and drew Mr. Clark's firewood and coal. While the plaintiff gave evidence tending to prove that the value of those services exceeded $200, the evidence as a whole, in view of the statement of claim made and submitted by the plaintiff to defendant before the suit, and of his relation to the farm in working it, does not fairly justify the allowance of that sum, but does permit him to charge for those services the sum of $101.50.

There is evidence tending to prove that Mr. Clark, to induce the plaintiff to come on to and work his farm, promised to pay his expenses in moving, which his evidence tends to prove amounted to seventy-eight dollars. But the recovery of this, as an independent claim, seems to have been barred by the Statute of Limitations, which was pleaded as a defense. Nothing appears to take it out of the operation of the statute. That claim must, therefore, be excluded from the recovery. The claim as here allowed amounts to $701.50. The defendant's counterclaim established, as found by the referee, is $182.18, leaving a balance of $519.32, which, with interest from the time of the commencement of the action to the time of the entry of the judgment, $293.19, amounts to $812.51.

Numerous objections and exceptions were taken to the introduction of evidence, and in many instances the questions raised by the objections were reserved, some with and others without consent. This method of disposing of objections to evidence has hitherto been disapproved by the courts, and it is not allowable in practice to reserve questions arising upon objections to the introduction of evidence without consent. (*Sharpe* v. *Freeman*, 45 N. Y. 802; *Lathrop* v. *Bramhall*, 64 id. 365; *Wright* v. *Reusens*, 133 id. 298.)

The defendant's counsel took exceptions to the rulings finally made upon such objections. In the present case the defendant was not prejudiced by the reservations so far as they may be deemed made without consent. And much of the evidence to the introduction of which exceptions were taken was rendered harmless by the fact that the subjects to which such evidence related were not considered by the referee in the final determination made by him as appears by his report.

The defendant alleged as a counterclaim the making and delivery

by the plaintiff of his promissory note to the defendant's testator of date April 11, 1883, for sixty-five dollars, and read the note in evidence. The plaintiff in reply, as a witness in his own behalf, was asked to state the consideration of the note. The objection interposed by the defendant's counsel on the ground that the evidence offered related to a personal transaction with the decedent and was within the inhibition of section 829 of the Code, was overruled and exception taken. The witness stated that the consideration of the note was the price of certain personal property purchased by him of the defendant's testator.

The proof of the consideration was important for the plaintiff to prove in order to repel the presumption which otherwise might have arisen that the note was made and taken in settlement of matters then existing between the parties to it. (*Lake* v. *Tysen*, 6 N. Y. 461.)

But if the plaintiff had been examined by the defendant to prove the making of the note, he was at liberty, in his own behalf, to state the entire transaction relating to the making of it. (*Nay* v. *Curley*, 113 N. Y. 575.) When the note was offered and put in evidence, it was described as "the paper identified by the plaintiff as having been signed by him." This imports, as appears by the evidence, that on his previous examination by the defendant the fact that he had made the note was proven, which rendered competent the testimony so given by him after the introduction of the note in evidence.

The exceptions were not well taken to the reception of the testimony of the plaintiff's wife concerning conversations between the plaintiff and the decedent in which she took part, and to her testimony as to the value of the services rendered by her. His relation as husband enabled the plaintiff to charge for the services of his wife. He does not derive the alleged claim arising for her services from her. (*Porter* v. *Dunn*, 131 N. Y. 314.)

While the declarations of the decedent, not in the presence of or to the plaintiff, of his purpose to induce him to come and stay upon his farm, furnish no evidence of any arrangement with the plaintiff to do so, they were admissible as corroborative of the facts in that respect appearing by other evidence. It seems that shortly prior to the time the declarations, to the evidence of which, objections were taken, were made, the decedent had been advised of the purpose of

Frank W. Clark to leave the farm, and had through another communicated that fact to the plaintiff, and his desire to have him and his family move on to the farm and succeed Frank in his relation to it and to the affairs of the testator.

Although the plaintiff was not in the presence of the decedent at the time of the conversation, he was in another room and within hearing of what was said. Whether his evidence of it was admissible within the spirit of the provisions of section 829 of the Code, may be questionable. (*Holcomb* v. *Holcomb,* 95 N. Y. 316 ; *Matter, etc., of Dunham,* 121 id. 575 ; *Matter of Bernsee,* 141 id. 389.) But as his evidence did not substantially differ from that of the three witnesses who were present, and as the only material facts to which those declarations of the decedent related were dependent upon, and appeared by evidence other than that of those declarations, it is deemed unnecessary to consider the question of the admissibility of the plaintiff's testimony concerning that conversation. The reception of evidence of the value of certain services as described by the plaintiff's wife, and based upon her description *alone* of them, was not error. The question thus put to the witness was in the nature of a hypothetical question. (*McCollum* v. *Seward,* 62 N. Y. 316 ; *Seymour* v. *Fellows,* 77 id. 178.) It would have been otherwise if the inquiry had not thus been restricted. (*Reynolds* v. *Robinson,* 64 N. Y. 589 ; *Matter, etc., of Snelling,* 136 id. 515.)

It is urged with much force on the part of the defendant that there was no liability of the decedent to the plaintiff on account of any of the matters alleged by the plaintiff, and that whatever they treated as matter of claim of either against the other were from time to time adjusted, settled and paid.

It is not deemed necessary here to amplify by statement the facts which the evidence tended to prove. But having made a careful examination of the evidence it is sufficient to say that the inferences fairly derivable from the evidence warranted the conclusion of the referee that the plaintiff was entitled to recover the amount hereinbefore mentioned.

The plaintiff was entitled to recover interest from the time of the commencement of the action. (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.,* 114 N. Y. 331.)

The judgment should be reversed and a new trial granted, costs

to abide the event, unless the plaintiff stipulates to reduce the recovery, exclusive of costs, to the sum of $812.51, and in that event the judgment be so modified, and as modified be affirmed, without costs of this appeal to either party.

Lewis, Ward and Davy, JJ., concurred.

Judgment reversed and new trial granted before another referee, costs to abide the event, unless the plaintiff stipulates to reduce the recovery, exclusive of costs, to $812.51, and in that event the judgment be so modified, and as modified affirmed, without costs of this appeal to either party