JOHN ERUSHA, *et al.,* v. JOSEPH TOMASH, Administrator, Appellant.

**Evidence:** INTERPRETING FOREIGN LANGUAGE. On an issue tried by the court as to whether certain indorsements in the Bohemian language on a note were there before the payee's death, it was competent for a witness who was familiar with that language to read and interpret the indorsements.

ADMISSIBILITY AND WEIGHT. Material evidence given on direct examination that a given drawer was kept locked from the death of the witness' father until the examination of papers taken from such drawer, should not be stricken out because the witness testifies on cross-examination that he never inspected the drawer to ascertain if it was locked, and did not know who had the key, and that he was not at the house part of the time between his father's death and such examination. While this cross-examination goes to the weight it does not affect the admissibility of the record in chief.

PERSONAL TRANSACTIONS WITH DECEDENT. In an action against an administrator to recover back money alleged to have been overpaid the administrator, on a note made to his decedent by a husband and wife, the wife may testify that she was present when her husband paid his money to decedent, and that decedent then directed him to indorse the payment. The probition of Code 3639, applies to transactions, only, in which the witness *takes part.*

**Harmless Error.** Error in permitting a party to an action against an administrator to testify that she made an indorsement on a note from her and her husband to the intestate, is harmless where there is competent and uncontradicted evidence that the amount of the indorsement was paid to the intestate.

*Appeal from Johnson District Court.*—HON. S. H. FAIR-ALL, Judge.

SATURDAY, MAY 23, 1896.

PROCEEDING in probate for an order for the return of money alleged to have been paid by mistake. There was a trial by the court, a finding in favor of the plaintiffs, and an order that the defendant pay to the

plaintiffs the amount in controversy. The defendant appeals.—*Affirmed.*

*Ranck & Wade* for appellant.

*F. J. Horak* and *Joe A. Edwards* for appellees.

ROBINSON, J.—On the thirtieth day of March, 1887, the plaintiffs, John Erusha and Frances, his wife, made and delivered to Charles Tomash their promissory note, in writing, for the sum of three thousand five hundred dollars, with interest, payable two years after its date. Tomash died on the twelfth day of February, 1892. The defendant was appointed administrator of his estate, and qualified and is acting as such. It is claimed by the plaintiffs that, prior to the death of Tomash, several payments were made and indorsed on the note. After his death, the note passed into the possession of the defendant, and on the twenty-fifth day of February, 1892, the plaintiffs paid to him, as the balance due on it, the sum of two thousand seven hundred and thirty-one dollars. They claim that, by mistake, they paid three hundred and twenty-two dollars and fifty cents more than the amount really due, and ask that an order to repay to them that sum be made. If the indorsements of payments made on the note are correct, then it appears that the claims of the plaintiffs are well founded. But some of the indorsements which purport to have been made before the death of Tomash were not in his handwriting, and the controversy is in regard to the sums of money paid to him.

I. For the purpose of showing that the note, when it was received by the defendant, bore the same indorsements that it did before the death of Tomash, his son Charles testified for the plaintiffs that he was at his father's house every day from the time of his

death until three days after the funeral; that he was present when his father's papers were examined by several members of the family, and found them in a paper box in the wardrobe drawer in the apartment his father had occupied as a sleeping room; that the note was kept by his father in that box; that there was a key to the drawer; and that it was kept locked from the time his father died until the papers were examined as stated. On cross-examination he stated that he never inspected the drawer at any time to ascertain if it was locked; that he did not know who had the key to it; and that he was not at the house on some of the days between the death of his father and the examination of the papers, which occurred about a week later. Thereupon the defendant moved to strike out his testimony that the drawer was locked all the time from the death of his father until the examination was made, but the motion was overruled, and of that ruling the appellant complains. Whether the drawer was locked as claimed was a question of fact, concerning which any witness having knowledge could testify; and testimony that it was locked at a specified time was not open to objection that it was a conclusion which could be drawn only from facts which should be shown. When the witness in question testified as he did on cross-examination, the value of his direct testimony on the same subject was much impaired, but that was not a sufficient reason for striking it out. It was the province of the court, trying, as it was, the questions of fact, to give to his testimony only the credit to which it was entitled, and we must presume that no more than that was given.

II. It appears that all the indorsements now on the note, excepting the one which shows the payment made to the defendant, were on the note when it was examined by the son Charles and others, as stated;

but two of the indorsements were written in the Bohemian language, and a witness conversant with that language was permitted to read and interpret those indorsements. Objection to his doing so was made, on the ground that it was incompetent and immaterial, and that the court would take judicial notice of what the indorsements were. The courts of this state are not required to know the Bohemian language, and when the judge of a court is not sufficiently familiar with it, the aid of some one who is must necessarily be obtained when there is occason to interpret it. In this case, the interpreter merely stated in the English language what the indorsements were in the Bohemian, and the court gave to it the proper legal effect. We do not find any error in what was thus done.

III. The plaintiff, Mrs. Erusha, was permitted to testify that on one occasion she went with her husband to the house of the decedent, during his lifetime, and saw her husband pay to Tomash two hundred dollars on the note; that Tomash then handed to her husband the note and a pencil, and told him to indorse the payment on the note; and that he did so. Mrs. Erusha also testified to four or five other transactions of the same character, and that on each occasion but one her husband indorsed on the note the payment he made, at the request of Tomash, and that at one time she made the indorsement, at Tomash's request. She also testified that a verbal agreement was made to reduce the rate of interest, and that when the last payment to Tomash was made, a short time before his death, he stated that but two thousand three hundred dollars remained unpaid. She also stated that none of the money paid belonged to her. The defendant objected to this testimony, and moved to strike it from the record, on the ground that it related to personal transactions between herself

and the decedent; but the objections and motion were overruled, and of that ruling the appellant complains. Section 3639 of the Code provides that "no party to any action or proceeding, * * * and no husband or wife of any said party or person, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination, deceased, * * * against the executor, administrator, * * * of such deceased person. * * *" The witness, Mrs. Erusha, is a party to this proceeding, and the wife of her co-plaintiff, and therefore should not have been permitted to testify to any personal transaction or communication between herself and the decedent. The appellant insists that her testimony, to which we have referred, was of that character. But the statute does not prohibit the testimony of a party, nor of the husband or wife of a party, in regard to transactions and communications in which the witness took no part. *Johnson v. Johnson,* 52 Iowa, 589 (3 N. W. Rep. 661); *Lines v. Lines,* 54 Iowa, 600 (7 N. W. Rep. 87); *Smith v. James,* 72 Iowa, 517 (34 N. W. Rep. 309). The rule announced in *Auchampaugh v. Schmidt,* 72 Iowa, 656 (34 N. W. Rep. 460), was, on a subsequent appeal in the same case, held to be erroneous. 77 Iowa, 17 (41 N. W. Rep. 472). The facts upon which *Cochrane v. Breckenridge,* 75 Iowa, 214 (39 N. W. Rep, 274), was determined, are not set out with sufficient fullness to show that the conclusion reached is applicable to this case. Both husband and wife, we must presume, took part in the transaction there in controversy. Other cases cited by the appellant have been examined, but have not been found to have any direct relation to the question involved in this case. Mrs. Erusha states that she did not take any part in the conversation of which she testified, nor in any of the

transactions which she described, excepting on the occasion when she indorsed the payment at the request of Tomash.  The fact that a person is interested in the subject-matter of a conversation or transaction, does not, alone, disqualify him, under the statute, to testify in regard to it.  He is incompetent only when he took part in it.  In this case Mrs. Erusha was interested in the payments, although the money paid did not belong to her.  She was liable on the note, and thus was interested in reducing the amount due upon it; and it may be, that there is as much reason, aside from the satute, for excluding her testimony, as there was for rejecting that of her husband.  But the testimony she gave, with one exception, was not within the terms of the statute, and we are not authorized to extend its scope.  *Johnson v. Johnson*, 52 Iowa, 590 (3 N. W. Rep. 661); *Bellows v. Litchfield*, 83 Iowa, 43 (48 N. W. Rep. 1062).  The exception mentioned, is that part of the testimony which referred to the indorsement which she made at the request of Tomash.  That was in the nature of a personal transaction with him, and her testimony in regard to it should not have been received.  But she testified to the payment of the money, which was represented by the indorsement.  That testimony was not contradicted, and it related to a conversation and transaction in which she did not take part.  She was not asked to make the indorsement until after the payment had been made.  No prejudice could have resulted from the error.  The mistake in paying more than the amount due, is clearly shown.  We are satisfied that justice was done by the order of the district court, and it is AFFIRMED.