NANCY J. ALLISON v. C. M. PARKINSON, Executor, Appellant.

**Contracts:** EXPRESS AND IMPLIED. Where there is evidence of a contract for board, in which the price was not fixed, a recovery on an implied contract is authorized.

**Transaction with Decedent:** TESTIMONY OF HUSBAND AND WIFE. Code, section 4604, providing that no party to an action, and no husband or wife of any party, shall be examined as a witness in regard to any personal transaction between such witness and a person deceased, does not prohibit the husband of plaintiff from testifying to a conversation between plaintiff and deceased in which the husband did not participate.

HYPOTHETICAL QUESTIONS. A hypothetical question, based on facts as shown by the evidence, is proper, though not in all respects accurate.

EXPERTS: *Competency.* That witness is a practicing physician does not render him competent to state the value of nursing. But when he is told what disease was attended, the condition of the patient and the care required, a statement by such witness that he knew the value of the nursing, is *prima facie* evidence that he is qualified to answer the question, especially, where the only objection made is, that witness is not shown to have knowledge of the treatment received by the patient.

**Appeal:** STRIKING ABSTRACT. A motion to strike appellee's additional abstract from the files because not served and filed in the time fixed by the rules of the court, where appellant has not been prejudiced by the delay, will be overruled.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

SATURDAY, APRIL 8, 1899.

PROCEEDING in probate for the proof of a claim against the estate of John Parkinson, deceased. There was a trial by jury and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Hayes & Schuyler* and *Thomas & Thomas* for appellant.

*Ellis & Ellis* for appellee.

ROBINSON, C. J.—The plaintiff is the daughter of the decedent, and seeks to recover eight hundred and ninety-three dollars for board, housekeeping, care, and washing furnished the decedent, and for funeral expenses. The verdict was for the sum of four hundred dollars and judgment was rendered for that amount and costs. The evidence tends to show that the decedent made his home with the plaintiff and her husband during a considerable part of the time, commencing in September, 1890, and ending in November, 1895, when he died. He was about seventy-five years of age at the time of his death, and, while he lived with the defendant, suffered from weakness and disease to such an extent as to cause much offensive soiling of his clothing, and to require considerable extra care and labor.

I. The appellee served and filed an additional abstract several months after the time fixed by the rules for serving and filing such abstracts, and the appellant has filed a motion to strike it from the files on that ground. We do not find that the appellant has been prejudiced by the delay to which he objects, and the motion is therefore overruled.

II. The husband of the plaintiff testified to a verbal agreement between the plaintiff and the decedent by which the latter was required to pay for board and all services he should require. The appellant contends that the testimony of the husband was admitted in violation of section 4604 of the Code. It has been repeatedly held, under that provision, that the husband or wife of a party to an action may testify to a conversation between such

party and one who is then deceased, in which the witness did not participate. *Erusha v. Tomash,* 98 Iowa, 510, and cases therein cited; *Dettmer v. Behrens,* 106 Iowa, 585. The facts of this case bring the testimony in question within the rule of those cases, and it was properly received in evidence.

III.    Dr. McCormick was asked, in a hypothetical question, to state the value of the services of a nurse rendered as recited in the question, and was permitted to answer, notwithstanding the objection of the defendant that "the witness is not shown to have a familiarity or knowledge of the peculiar kind of treatment in this case in controversy, and, as a hypothetical question, it does not state the facts as shown in this case." The witness had stated that he had been a practicing physician and surgeon for seven years, and that he knew the value of services for nursing. The fact that he was a practicing physician did not, alone, show competency; but the question specified the disease from which the decedent had suffered, his condition, and the care required, and the fact that the witness was a practicing physician, and the statement that he knew the value of the services for nursing, were *prima facie* evidence that he was qualified to answer the question. Moreover, the objection was not that the witness did not know the value of the services of a nurse as shown by the question, but that he had not been shown to have knowledge of the treatment which the decedent received. It was not necessary, however, for the witness to know what the treatment had been, but to be qualified to give an answer based on the facts as alleged in the hypothetical question. That was based upon facts as evidence for the plaintiff tended to show them, and, even though it was not in all respects accurate, the answer should not for that reason alone have been excluded. *Meeker v. Meeker,* 74 Iowa, 352; *State v. Ginger,* 80 Iowa, 574; *Hall v. Rankin,* 87 Iowa, 261.

IV.    Complaint is made of the charge to the jury on the ground that it authorized a recovery by the plaintiff on

an implied contract. It is said it was erroneous because the evidence for the plaintiff tends to show an express contract only. The evidence tended to show an express contract for the payment of three dollars per week for board, but the jury may have found that, although there was an express promise to pay for services not included in board, the price therefor was not fixed. The evidence tended to show an implied contract, and the portions of the charge criticised were therefore not erroneous. *Rogers v. Millard,* 44 Iowa, 466; *Wence v. Wykoff,* 52 Iowa, 644; *Van Sandt v. Cramer,* 60 Iowa, 424. Other objections to the charge are made, but we do not think them well founded. So far as called to our attention, it appears to have been fair and substantially correct.

V. Numerous questions are discussed by counsel which do not appear to be of sufficient importance to justify particular mention of them. We have examined all of them, but without finding any prejudicial error. There was evidence which authorized the jury to find that the services in question were rendered by the plaintiff under an agreement with the decedent that compensation therefor should be made. The husband had no direct interest in the agreement, and it was performed on the part of the plaintiff. Having rendered the service, she is entitled to compensation for it. There was a settlement of accounts made by the husband of the plaintiff with the defendant after the death of the decedent, but the jury was authorized to find that it did not include the claim of the plaintiff. We do not find any ground upon which the judgment of the district court should be disturbed, and it is therefore AFFIRMED.