[Civil No. 755. Filed March 22, 1901.]

[64 Pac. 415.]

RACHEL MILLER, Administratrix of the Estate of Jacob L. Miller, Deceased, et al., Defendants and Appellants, v. MARY F. MILLER, Plaintiff and Appellee.

1. EVIDENCE—ADMINISTRATORS—ACTIONS BY OR AGAINST—DEEDS—MISDESCRIPTION — REFORMATION — EVIDENCE — ADMISSIBILITY — HUSBAND AND WIFE—WITNESSES—REV. STATS. ARIZ. 1887, PAR. 1865, AND TIT. 25, CHAP. 4, CONSTRUED.—Paragraph 1865, *supra*, provides: "In any action by or against administrators, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statements made by the intestate, unless called to testify thereto by the opposite party or required to testify thereto by the court, . . . " Chapter 4, *supra*, provides, among other things, that "the husband or wife of a party to a proceeding, or who is interested in the issue to be tried, shall not be incompetent to testify therein." The former statute does not in its terms prohibit the husband or wife of the party to an action from testifying as to any conversation which he or she may have had with the deceased during his lifetime. Therefore in an action by a grantee against a grantor's administratrix to have a deed corrected it is not error to allow the husband of plaintiff to testify to the conversations had between himself and the grantor while alive as to a mistake in the description and as to the land intended to be conveyed.

2. SAME—SAME—SAME—SAME—SAME—SAME—CROSS - EXAMINATION.— Where defendant's decedent conveyed a certain piece of property to plaintiff and later gave plaintiff a second deed, describing the same property, and plaintiff brought an action to reform the second deed so as to cover other land, it was not error for the court to

sustain an objection to a question put to plaintiff's witness on cross-examination, asking if witness had not told a third party that he thought the title good to the land first conveyed, inasmuch as the witness was not a party to the action, and there was no evidence which this would tend to contradict.

3. SAME—SAME—SAME—SAME—SAME—SAME—CONVERSATION — IN ABSENCE OF GRANTEE—NOT ADMISSIBLE.—Evidence of a conversation between a witness and the deceased grantor, after a second deed was executed, and' in the absence of the grantee, as to the purpose for which he had given the second deed, is not admissible.

4. APPEAL AND ERROR—FINDINGS OF FACT—REVIEW—CONFLICTING EVIDENCE—McCORMACK v. ARIZONA CENTRAL BANK, 5 ARIZ. 278, 52 PAC. 469; HENRY v. MAYER, 6 ARIZ. 103, 53 PAC. 590, FOLLOWED. —Where a cause is tried to the court, and the court makes its findings of fact, such findings of fact will not be disturbed unless there is a substantial failure of the evidence to support the findings.

APPEAL from ·a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. R. E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Robert E. Morrison, for Appellants.

Herndon & Norris, and J. H. Jacks, for Appellee.

STREET, C. J.—This action was brought by Mary F. Miller against Rachel Miller, as administratrix of the estate of Jacob L. Miller, deceased, and the various heirs of said Jacob L. Miller, to correct a deed. Mary F. Miller was the owner of a certain thirty acres of land, and had been such owner by deed from Jacob L. Miller since the seventeenth day of September, 1883. Such land was described as commencing at the northeast corner of fractional northeast quarter of section 32, etc. She alleged that she purchased another thirty acres from said Jacob L. Miller on the thirteenth day of October, 1898, and the deed executed by Jacob L. Miller to her therefor contained the identical description of land as the deed of September 17, 1883, whereas it should have contained the description, as she alleges, "commencing at a point 30 rods east of the northeast corner of fractional northeast quarter of section 32," etc. The defendants deny that there was any misdescription in the deed of October 13, 1898, and

allege that the deed executed on that date by Jacob L. Miller was for the purpose of confirming title to the land conveyed by deed of September 17, 1883. Upon this issue the cause was tried to the court, and the court made findings and rendered judgment for the plaintiff, and decreed that the deed of October 13, 1898, be corrected so as to describe the property intended by the parties to be conveyed, to wit, that certain thirty acres of land particularly described, and bounded as commencing at a point thirty rods east of the northeast corner of fractional northeast quarter of section 32, etc.

The appellants assign as error: First, that the court erred in permitting Samuel C. Miller, who was the husband of the plaintiff, to testify to conversations with Jacob L. Miller, deceased, during his lifetime. Paragraph 1865 of the Revised Statutes of Arizona provides that: "In any action by or against administrators, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statements made by the intestate, unless called to testify thereto by the opposite party or required to testify thereto by the court; and the provisions of this section extend to and include all actions by or against heirs or legal representatives of the decedent arising out of any transaction with such decedent." Such statute does not, in its terms, prohibit the husband or wife of the party to the action from testifying as to any conversation which he or she may have had with the deceased during his lifetime. Our attention has not been called to any principle which would prevent the husband or wife from so testifying, neither have we been referred to any text-writer or decision of any court upon the subject. The statutes of Arizona permit parties to be witnesses under all conditions and circumstances, with but few exceptions. Chapter 4 of title 25 provides that no person shall be incompetent because he is a party to a suit or proceeding or interested in the issue tried, and that the husband or wife of a party to a suit or proceeding, or who is interested in the issue to be tried, shall not be incompetent to testify therein. The same chapter contains the provision above quoted in reference to actions by or against administrators, etc. The district court committed no error in allowing the husband of Mary F. Miller to

testify to the conversations had between himself and Jacob L. Miller, while alive, as to a mistake in the description of a deed, and as to the land intended thereby to be conveyed.

Assignments 2, 3, and 4 relate to the admission and rejection of evidence. Assignment 2 is on the cross-examination of Samuel C. Miller, in which witness was not permitted to answer a question as to a conversation which he had with Fitzsimmons about the title to the thirty acres conveyed by deed of September 17, 1883, when Miller was asked if he had not said that he thought the title to that was good. We are not able to see how that could have affected the question in any way. The witness was not a party to the suit, and our attention has not been called to any evidence which such an answer would tend to contradict. The third assignment was as to sustaining plaintiff's objection to a question asked by defendants of witness John Morris, called on behalf of defendants. That conversation also related to the title to the first thirty acres, and was a conversation between the witness and Jacob L. Miller after the deed of October 13, 1898, was executed, and in the absence of Mary F. Miller, the grantee, as to the purpose of the deed; upon which ruling of the court we see no error. Assignment No. 4 is but a reoffer of the evidence sought to be obtained from Fitzsimmons and Morris.

The remainder of the assignments relate to the weight of evidence. Many witnesses were sworn and examined, both for the plaintiff and the defendants, and there is some conflict in their testimony. This court, in the case of *McCormack* v. *Arizona Central Bank*, 5 Ariz. 278, 52 Pac. 469, said: "The evidence upon this point being conflicting, and the trial court having found for the plaintiff, we cannot, of course, disturb this finding." Again, in *Henry* v. *Mayer*, 6 Ariz. 103, 53 Pac. 594, we said: "The finding of the trial court should be given great weight, and be deemed conclusive in controverted questions of fact in equity and in actions at law, unless there be forcible reasons to warrant the inference that they are erroneous. Particularly should this rule be regarded when the right determination of the facts may have depended on the judgment of the trial court as to the credibility of the various witnesses, and not merely upon reason and deductions as applied to a mass of facts and circumstances about which there may be little or

no dispute." It is the settled rule of this court and of the various appellate courts that, where a cause is tried to the court, and the court makes its findings of fact, such findings of fact will not be disturbed unless there is a substantial failure of the evidence to support the findings. In this case not only is there an abundance of evidence to support the findings, but in a careful review of the evidence we approve of the findings made by the district court. The judgment of the district court is affirmed.

Doan, J., and Davis, J., concur.