W. H. LUCAS, Appellee, v. W. W. MCDONALD & SON, Defendants, LEWIS & MCFAUL, Interveners, Appellants, And one other case.

Transactions with decedents: QUALIFICATION OF WIFE AS WITNESS. 1 A wife is not disqualified by Code, section 4604, as a witness to a transaction and communication between her husband and a party since deceased, in which she took no part but was a mere spectator.

Sanity: NONEXPERT TESTIMONY. The continuation of a rational 2 condition of the mind of one whose acts are put in question, may be shown by the abstract testimony of a nonexpert witness as to such person's sanity.

*Appeal from Monona District Court.*— HON. G. W. WAKEFIELD, Judge.

WEDNESDAY, FEBRUARY 15, 1905.

ACTION to recover upon certain certificates of bank deposit. In February, 1901, one Christian Jacobson was the owner and holder of the certificates in question, one calling for the sum of $350, deposited by him, said Jacobson, in the bank of W. W. McDonald & Son, and the other calling for the sum of $300, likewise deposited in the Mapleton Bank. It is the claim of plaintiff that on February 3, 1901, he became the owner of each of said certificates by transfer and delivery thereof to him by said Jacobson. Payment of said certificates having been refused on demand, these actions

were brought against the banks, each upon the respective certificate issued by it, to recover the amount thereof.    Jacobson died, intestate, soon after the alleged transfer of the certificates to plaintiff, and Lewis & McFaul were appointed administrators of his estate.    They intervened in each of these actions, and joined with the defendants in denying the ownership of plaintiff in the certificates, and alleging that at the time of the pretended transfer the said Jacobson was not of sound mind, and was physically and mentally incapable of making any valid disposition of his property.    By agreement of parties the cases were tried jointly, and to a jury. There was a verdict and judgment in favor of plaintiff, and defendants and interveners appeal.— *Affirmed.*

*Charles A. Dickson* and *J. W. Anderson,* for appellants.

*M. J. Sweeley* and *J. A. Pritchard,* for appellee.

BISHOP, J.— I.    Plaintiff called his wife as a witness, and she testified that Jacobson stayed at their house during his last illness, and was cared for by herself and husband. Over objection made, she was permitted to testify that on February 3, 1901, Jacobson requested her to call her husband into the room, whereupon plaintiff was requested by Jacobson to go and get his vest out of his trunk, which being done Jacobson took the two certificates in suit out of his pocket, and handed them to plaintiff, saying to him: " I am not getting better.    I give you these certificates for your own.    I can never do enough for you folks for what you have done for me.    I am well fixed, and have no relatives, and you have been children to me, and taken care of me."    She also testified that Jacobson said something about signing the certificates, and tried to write on a tablet, to see if he could, but that her husband told him to be quiet, and he could do that afterward; that her husband took the certificates.    Appellants insist that

1. QUALIFICA-
TION OF WIFE
AS A WITNESS.

under the provisions of section 4604 of the Code the witness was incompetent to so testify. That section provides, in substance, that no party to an action, or the wife of such party, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such examination deceased, as against the administrator of such deceased person. But the record discloses that here the transaction and communication was wholly between Jacobson and plaintiff. It does not appear that the wife had any part therein. She was therefore a competent witness. *Johnson v. Johnson*, 52 Iowa, 586; *Erusha v. Tomash*, 98 Iowa, 510.

II. The wife of plaintiff and one Nolan were allowed to testify abstractly, and over objection, that at the time of the alleged gift Jacobson was rational. Appellants complain of this as error, and it is the argument

2. SANITY: non-expert testimony.

that each witness should have been limited to an opinion based upon facts testified to by such witness. Where unsoundness of mind is sought to be established by nonexpert witnesses, the rule invoked by appellant undoubtedly applies. But not so when proof is sought to be made of a continuation of normal or rational conditions. *Hull v. Hull,* 117 Iowa, 738.

III. Complaint is made to the effect that some of the jurors drank intoxicating liquors while in the jury room. We have read the showing made, and, without going into details, we conclude that there was no prejudice.

The verdict had support in the evidence, and the judgment is *affirmed.*