[Civ. No. 3186. Second Appellate District, Division Two.—April 16, 1920.]

C. R. BAYLESS, Appellant, v. J. F. REED et al., Executors, etc., Respondents.

[1] EVIDENCE—SERVICES RENDERED BY WIFE TO DECEASED—ACTION BY HUSBAND TO RECOVER COMPENSATION — COMPETENCY OF WIFE AS WITNESS.—In an action by a husband against the executors of an estate to recover compensation for services rendered the deceased by plaintiff's wife, the latter is not disqualified from being a witness for the plaintiff by the provisions of subdivision 3 of

section 1880 of the Code of Civil Procedure. It is not intended by that section to extend the disqualification to any except parties or assignors of parties.

APPEAL from a judgment of the Superior Court of San Diego County. S. M. Marsh, Judge. Reversed.

The facts are stated in the opinion of the court.

H. W. Scheld for Appellant.

Ward, Ward & Ward for Respondents.

THOMAS, J.—By this action plaintiff seeks to recover $2,354.92 from the defendants, executors of the estate of Edwin Ferris, deceased, for work, labor, and services performed and supplies furnished to said Ferris, at his special instance.

The answer of defendants to plaintiff's third amended complaint, after admitting formal parts only, denied each and every material allegation thereof, and set up an alleged agreement under and by virtue of which plaintiff performed the work and furnished the materials, etc., for which he now seeks pay, asserting that said decedent, Ferris, had paid plaintiff in full for all said service. We think it unnecessary to recite in detail the terms of this alleged agreement. The case was tried by the court without a jury. Findings were expressly waived. Judgment went for plaintiff in the sum of $102.92. There was no motion for a new trial. The appeal is from the judgment, by the so-called "alternative method."

We have read the entire record, consisting, as it does, of the clerk's transcript and reporter's transcript, also appellant's opening brief and respondents' answering brief, from which it appears that both parties hereto seek a reversal of the judgment.

Appellant in his brief says: "Under section 4½ of the constitution of the state of California, and when it appears from the whole of the record in a case on appeal that substantial justice should be done, the appellant asks this appellate court, without having to undergo the expense and necessity of another trial herein, that this court find for plaintiff the amount which is justly due him in this case."

Much as we might desire to comply with the foregoing interesting request, the answer is that the court is without jurisdiction to grant it. (Sec. 4, art. VI, Const.) [1] A large portion of the amount claimed by plaintiff as aforesaid was for the services of his wife as nurse for deceased at the latter's special instance and request, and in order to prove the allegations of his complaint as to such services, plaintiff offered his wife, Minnie E. Bayless, as a witness in his behalf, whose testimony, if received, would have tended to show such allegations to be true. To the testimony of this witness the following objection was interposed: "We object to this witness testifying as to the transactions had with the decedent on the same ground, that of section—subdivision 3 of section 1880 of the Code of Civil Procedure. This witness is not, of course, the nominal party, but the section is broader than to exclude nominal parties—it excludes not only parties or assignors of parties, it also includes—excludes persons in whose behalf the action is prosecuted. Now, of course the testimony has not progressed far enough to show, but the pleadings indicate so clearly the nature of the claim being presented against this estate, it is for services rendered, a larger part is a claim for services of this witness, as a member of the community of which she and the plaintiff are members, and by the same reasoning and on the same theory the testimony of this witness is also incompetent." This objection was at first overruled, but later, and after the witness had testified fully, the ruling, so far as it relates to that portion of the witness' testimony in reference to plaintiff's claim for her services as nurse, was set aside, and the objection thereupon sustained. It is claimed by appellant that this ruling was erroneous, and we think the contention must be sustained.

That the earnings of the wife in such a case as this are community property is too well settled to require the citation of authorities. Such being the case, we think that where a husband is suing for services rendered by his wife, his claim is not derived from her, since he is entitled to the value of her services by virtue of his marital rights, and she, therefore, is a competent witness for him. (40 Cyc. 2295; *Porter* v. *Dunn*, 131 N. Y. 314, [30 N. E. 122]; *Hopkins* v. *Clark*, 90 Hun, 4, [35 N. Y. Supp. 360]; *Hiskett* v. *Bozarth*, 75 Neb. 70, [105 N. W. 990]; *Parker* v. *Wells*,

68 Neb. 647, [94 N. W. 717]; *Miller* v. *Miller,* 7 Ariz. 316, [64 Pac. 415]; *Cullen* v. *Bisbee,* 168 Cal. 695, [144 Pac. 968].) Nor do we think that it is intended by this section to extend the disqualification to any except parties or assignors of parties. (*Todd* v. *Martin,* 4 Cal. Unrep. 805, [37 Pac. 872].)

If it be contended in this case that should plaintiff recover, the wife would by that fact be interested in the result because of the fruits of such recovery being community property, the answer, as we see it, is that in legal contemplation she would not be invested with any legal interest therein. In the case of *Lucas* v. *McDonald,* 126 Iowa, 678, [102 N. W. 532], the supreme court of Iowa held that while the statute provided that "no party to an action, *or the wife of such party,* shall be examined as a witness in regard to any personal transaction between such witness and a person since deceased, as against the administrator of such deceased person," still, it not appearing that the wife had any part therein, in such a case she was a competent witness. Such cases as we have found holding to the contrary are predicated upon statutes differing in various respects from ours.

For these reasons we think the ruling referred to was prejudicial.

Judgment reversed.

Finlayson, P. J., and Sloane, J., concurred.