IN RE WILL OF E. F. FISH.

CLARA LAMER, Administratrix, et al., Appellants, v. C. M. FISH, Appellee.

No. 43228.

DECEMBER 17, 1935.

V. H. Byers, for appellants.

P. W. Harding, and White & White, for appellee.

ANDERSON, J.—On February 1, 1902, C. M. Fish, the appellee herein, and his wife, Etna, executed a promissory note in the sum of $500 due one year from its date, payable to E. F. Fish, the father of C. M. Fish. The payee of the note died testate on the 18th day of February, 1933. His will, which was later admitted to probate, gave to his wife a life estate in all of his property, and provided that the part of the estate remaining at her death should be equally divided among my children "after deducting the amount each has received during my lifetime." One of the daughters, Clara Lamer, was appointed administratrix with will annexed, and filed an inventory listing the assets of the estate consisting of many promissory notes, but in which inventory the note in question in this proceeding was omitted. The administratrix later, however, filed a report in which she stated that the $500 note here in controversy had been overlooked in preparing the inventory, and that there was due thereon the sum of $1,792. She also claimed that she was entitled to collect the amount due on said note out of the dis-

tributive share of C. M. Fish, the maker thereof; that the distributive share of C. M. Fish is not equal to the value due on said note, and asked that she be allowed to offset the amount due on said note as against the share and interest of the said C. M. Fish in the father's estate. Objections were filed to this report, and the claim was made by C. M. Fish that the note in question had been paid in full, and that he was not indebted to the estate in any amount on account thereof, and, further, that the administratrix was not entitled to sequester the share of C. M. Fish in the homestead property of the decedent for the reason that the homestead property passes to the heirs exempt from their debts. There was a trial to the court upon the issues thus joined resulting in a finding and judgment of the court that the note in controversy was paid in full and was no longer an obligation of the maker, C. M. Fish. The administratrix and heirs other than C. M. Fish appeal.

■■■ There is but one disputed question of fact, and that is as to whether or not the note in controversy had been paid. Etna Fish, the wife of C. M. Fish, and also a joint maker of the note in controversy, testified that she and her husband went to the home of the deceased, E. F. Fish, and while there her husband had a conversation with the deceased with respect to the payment of the alleged balance due upon the promissory note. She testified that she took no part in this conversation; that her husband and his father, E. F. Fish, computed the amount due upon said promissory note, taking an account of prior payments made thereon, which she testifies were made to her personal knowledge, and arrived at the balance due upon the said note; and that her husband paid to his father at that time in cash a balance due upon said promissory note; and that the father then said that the note was fully paid, that it was down at his office, and that C. M. Fish could obtain the same at any time. This testimony was objected to by the appellants on the ground that it was inadmissible and incompetent, and that the witness was incompetent under the provisions of section 11257 of the Code (the Dead Man's Statute). The objection was overruled, and this is the principal question to be determined upon this appeal. There is also the additional testimony of a son of C. M. Fish, the appellee, in which he testified that he stayed with his grandfather, E. F. Fish, during the years 1911 and 1912, when he was 13 years of age, and that his grandfather told him

he had loaned money to both of his boys and his son-in-law, and that his father, C. M. Fish, was the only one that had paid him in full. It should be here noticed that at the time of the father's death the note in question had been barred by the statute of limitations more than 20 years, and there were no indorsements of any kind appearing thereon.

The appellant concedes that the case of Erusha v. Tomash, 98 Iowa 510, 67 N. W. 390, 391, is determinative of the question as to the competency of Etna Fish as a witness, but contends that the opinion in that case is not founded on good or legal reasoning and should be overruled, and further, that that decision is not binding as a precedent under the doctrine of stare decisis, except where the rule established applies to a contractual relation. The cited case is exactly in point with the case at bar. The facts are controlling. In that case the promissory note in question was executed by John Erusha and Frances, his wife. The issue raised in a probate proceeding was that the note had been paid in full, and that the wife, Frances, and a joint maker of the note, testified that she saw her husband on several occasions pay to the payee of the note different sums of money; and that she heard a verbal agreement between her husband and the payee of the note reducing the rate of interest; and that a short time before the death of the payee he had stated to her husband in her presence that the note had been fully paid. This testimony was objected to under the statute, section 3639 of the Code of 1873. This statute has been continued in subsequent Codes and now appears as section 11257 of the 1931 Code. In that case we said:

"The statute does not prohibit the testimony of a party, nor of the husband or wife of a party, in regard to transactions and communications in which the witness took no part. * * * The fact that a person is interested in the subject-matter of a conversation or transaction, does not, alone, disqualify him, under the statute, to testify in regard to it. He is incompetent only when he took part in it."

The ruling in the cited case has been followed and reaffirmed in the following cases: Allison v. Parkinson, 108 Iowa 154, 78 N. W. 845; Mallow v. Walker, 115 Iowa, 238, 88 N. W. 452, 91 Am. St. Rep. 158; Lucas v. W. W. McDonald & Son, 126 Iowa 678, 102 N. W. 532; Drefahl v. Rabe, 132 Iowa 563,

107 N. W. 179; Shetler v. Stewart, 133 Iowa 320, 107 N. W. 310, 110 N. W. 582; Powers v. Crandall, 136 Iowa 659, 111 N. W. 1010; Barto v. Harrison, 138 Iowa 413, 116 N. W. 317; McBride v. McBride, 142 Iowa 169, 120 N. W. 709; Tucker v. Anderson, 172 Iowa 277, 154 N. W. 477, Ann. Cas. 1918A, 769.

The rule announced in the principal case, Erusha v. Tomash, supra, has been too long established and adhered to in this state to warrant a reconsideration thereof at this time.

■■■ The issue here in controversy was submitted to the lower court in probate, and the finding of fact made by the court, if based upon sufficient competent evidence, is binding upon this court as is a verdict of a jury. The finding and judgment was against the contention of the appellants, and with such judgment we are satisfied. An affirmance follows.—Affirmed.

KINTZINGER, C. J., and PARSONS, HAMILTON, POWERS, MITCHELL, DONEGAN, RICHARDS, and ALBERT, JJ., concur.