[Civ. No. 5533.  First Appellate District, Division Two.—June 7, 1926.]

## JULIAN KAY, Appellant, v. ISIDORE LAVENTHAL et al., Respondents.

[1] CONTRACTS—PARTIES—ADVANCEMENTS—PAYMENT TO THIRD PARTY —LIABILITY.—Where plaintiff and defendant entered into a contract for the carrying on of a certain business, through plaintiff's salesmen and with money furnished by plaintiff, the fact that moneys advanced by plaintiff to defendant were, in turn, delivered to defendant's brother, either gratuitously or otherwise, did not relieve defendant from his liability under the contract.

[2] ID.—PARTIES—EVIDENCE—JUDGMENT.—In an action by plaintiff against several defendants to recover moneys alleged to be due under said contract, the plaintiff is not bound by his evidence to connect all the defendants, in order to recover judgment against the defendant liable under the contract, but it is sufficient if he connects said defendant.

[3] ID.—BUSINESS TRANSACTED—NONSUIT—PROFITS PRESUMED.—Where said contract provides for the payment to plaintiff of a percentage of the gross profits, and in an action to recover moneys alleged to be due plaintiff under the contract it is shown that the parties did enter into business as provided in the agreement and that a large number of sales were made, it will be presumed under an attack as by a motion for a nonsuit that at least some gross profits were earned.

[4] ID.—GROSS PROFITS—EVIDENCE—JUDGMENT—NONSUIT.—In such action, where the amount of gross profits does not clearly appear, but

it does appear that some gross profits were made, that two of plaintiff's salesmen (who received a commission of twenty-five per cent of the gross profits, the same as plaintiff) received certain specified sums as commissions, and that defendant made sales to the same amount or a larger amount than one of said salesmen, the amount due plaintiff could properly be ascertained by a judgment on the merits and not by a motion for a nonsuit.

[5] ID.—EVIDENCE—DEPOSITION OF PLAINTIFF—DEATH OF DEFENDANT. In such action, where after defendants were served with summons they caused the deposition of plaintiff to be taken, such deposition was admissible as evidence on behalf of plaintiff, notwithstanding at the time of trial one of the defendants had died and the action stood as one against his estate.

(1) 33 C. J., p. 861, n. 54.   (2) 33 C. J., p. 871, n. 21 New.   (3) 4 C. J., p. 763, n. 58.   (4) 33 C. J., p. 871, n. 26 New.   (5) 18 C. J., p. 732, n. 90, 91.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

Harold C. Faulkner for Appellant.

Goldman & Altman for Respondents.

STURTEVANT, J.—The plaintiff commenced an action to recover commissions. In his complaint he placed his claim against three different defendants. The case was tried before the trial court sitting without a jury. At the end of the plaintiff's case the trial court granted separately motions of nonsuit as against each defendant. In accordance with those rulings judgment was rendered in behalf of the defendants. The plaintiff has appealed from the judgment and on this appeal he urges that the ruling granting the nonsuit as to the defendant Isidore Laventhal constituted reversible error.

For some years prior to 1917 Isidore Laventhal had been engaged in transacting a wholesale liquor business in San Francisco under the name of Laventhal Bros. During a part of the time Julian Kay, the plaintiff, was in the employment of Laventhal Bros., but that employment was ter-

minated and later the plaintiff engaged in the cigar business, conducting that business under the name of the Model Cigar Company. In the transaction of the cigar business he had several salesmen and the business was largely confined to making sales in San Francisco. After the plaintiff severed connections with Laventhal Bros. that firm became involved financially and an assignment was made for the benefit of creditors. After that assignment had been made Isidore Laventhal again engaged in the wholesale liquor business, but in what capacity is one of the questions presented by the record in this case. A place of business was opened up at 553 Mission Street. The house was known as Laventhal Mercantile Co. Edward B. Laventhal was generally present and to outward appearances was the bookkeeper. Isidore Laventhal was generally present at the place of business and performing different functions as will herein later appear.

In August, 1917, certain changes had occurred and were about to occur regarding the sale of malt and spirituous liquors. Those changes made it possible to transact a larger amount of business on a smaller capital than theretofore. Appreciating the importance of these facts, the plaintiff conceived the idea of inducing his former employer, Isidore Laventhal, to take advantage of the situation and broaden out his business. Accordingly a meeting was arranged and Mr. Kay, Mr. Isidore Laventhal, and one of Mr. Kay's salesmen, Mr. Schwartz, met in the office of the plaintiff in the Monadnock Building in San Francisco. At that meeting Mr. Kay proposed that he would turn over to Mr. Laventhal the services of his salesmen and that in conjunction with Mr. Laventhal's organization that an increased effort to make sales of liquor should be made. The plaintiff agreed to finance the business. In return for what he did Mr. Kay required that his salesmen should receive twenty-five per cent of the gross profits on sales made by them; that Mr. Laventhal should receive fifty per cent of the gross profits on sales made by Kay's salesmen and seventy-five per cent of the gross profits of sales made by himself, and that Mr. Kay personally should receive twenty-five per cent of the gross profits. The proposition as made was acceptable and the enterprise commenced and continued for a period of about six months. The actors worked out of the house at 553 Mission Street. Mr. Kay's salesmen, Schwartz, La Rock, and

Israel, appeared at that place of business and turned in
orders and received directions. Sometimes Mr. Isidore
Laventhal was there directing affairs and sometimes Mr.
Kay was present. On nearly all occasions Mr. Edward B.
Laventhal was present and was working on the books. Mr.
Kay's salesmen personally accompanied Isidore Laventhal
and introduced him to the customers of Mr. Kay who were
also engaged in handling liquors. Carrying on the business
in this method gross profits to the extent of twenty thousand
dollars or thereabouts were earned. From time to time as
a salesman became entitled to his commission of twenty-five
per cent a check was drawn in his favor by Laventhal Mer-
cantile Co. and those checks were delivered to the salesmen
by Edward B. Laventhal. For the purpose of financing a
bank account was opened with the Donohoe-Kelly Bank.
The account was opened in the name of Laventhal Mercan-
tile Co. The bank was authorized to cash checks drawn by
Laventhal Mercantile Co. signed by E. B. Laventhal. The
reference given to the bank was the name of the plaintiff
(at that time called J. H. Kominsky). From time to time
loans were obtained from the bank, which loans were credited
to Laventhal Mercantile Co. The loans were advanced on
notes indorsed by I. Laventhal and secured by collateral
furnished by the plaintiff. There was evidence that the plain-
tiff had never been paid any commission or any part thereof.
After the action was commenced I. Laventhal died and
later his executor was substituted as a defendant in his
place.

In support of the ruling granting the nonsuit against Isi-
dore Laventhal the respondent contends that the agreement
under which the plaintiff claims called for the organization
of a new enterprise to be known as Laventhal Mercantile
Co. and that such company was never formed. However,
we find nothing in the evidence that called for the organi-
zation of a new company—the business was to be conducted,
so far as the record discloses, by Isidore Laventhal. [1]
The respondent further shows that the plaintiff advanced
money to Isidore Laventhal, who, in turn, delivered the
money thus received to his brother, Edward B. Laventhal,
doing business under the name of Laventhal Mercantile Co.
But whether he did so gratuitously or otherwise did not
relieve the responsibility resting on Isidore Laventhal to keep

his contract with the plaintiff. The respondent further contends that "the Laventhal Mercantile Co. conducted by Edward B. Laventhal was not the enterprise from which plaintiff was to receive a percentage of the gross profits." Conceding that to be so, nevertheless Isidore Laventhal was still the principal who was responsible to the plaintiff. The respondents further contend that there is no evidence "that a new enterprise was undertaken by defendant in August, 1917, embodying an idea or plan suggested by plaintiff, nor is there any evidence that such enterprise, if in fact undertaken, ever conducted business or earned any profits." [2] In the first place the plaintiff was not bound by his evidence to connect all of the defendants, but it would have been sufficient if he connected the defendant Isidore Laventhal. [3] Furthermore, there is an abundance of evidence to show that Isidore Laventhal, acting with others, did enter upon the plan suggested by the plaintiff and did make a large number of sales, and it will be presumed under an attack as by a motion for a nonsuit that at least some gross profits were earned. [4] In different forms the respondent repeats the contention that the evidence was wholly insufficient as showing that any gross profits were earned. The contention is not well founded. True it is that the exact amount of the gross profits does not clearly appear. However, the ruling complained of was a ruling granting a nonsuit. The question is: Does the record show that any gross profits were earned? The reply is that Schwartz was paid a twenty-five per cent commission, amounting to seventeen hundred dollars; that La Rock was paid a commission of twenty-five per cent amounting to about five hundred dollars. Moreover, it appears that Isidore Laventhal personally made sales to the same amount or a larger amount than were made by Schwartz. In the face of such a record the amount due the plaintiff could properly be ascertained by a judgment on the merits and not by motion for a nonsuit.

[5] After the defendants had been served with summons they caused the deposition of the plaintiff to be taken. At the time of the trial Isidore Laventhal had died and the action stood as one against his estate. During the presentation of the plaintiff's case the plaintiff sought to introduce his own deposition which had theretofore been taken. An objection was made by the defendants and the objection

was sustained.    The ruling was erroneous.    The deposition would have been admissible if Isidore Laventhal had not died and there is nothing in the statute showing that a different rule obtains because of the subsequent death of Isidore Laventhal.    It is hardly necessary to recite the facts, but it is sufficient to remark that there are several matters contained in the deposition which were of considerable importance to the appellant.

The judgment is reversed.

Nourse, J., and Langdon, P. J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 4, 1926.