[Civ. No. 6244.   Fourth Dist.   Nov. 24, 1959.]

ROBENA H. HAYS, Appellant, v. RUBY CLARK, Respondent.

Charles H. Carter for Appellant.

Clayson, Stark & Rothrock and Roy H. Mann for Respondent.

MONROE, J. pro tem.*—This action was commenced in January, 1957. Plaintiff's complaint was in three counts. The

*Assigned by Chairman of Judicial Council.

first was upon a common count for $2,750, for money had and received. In the second count plaintiff elaborated upon the first count by alleging in substance that she was the owner of real estate in Corona, California; that at the suggestion and request of and upon representations made by the defendant, plaintiff executed, delivered and recorded a grant deed conveying the property to defendant upon the agreement and understanding that defendant would sell the same and account to plaintiff. A third cause of action was predicated upon a loan of $600 in March, 1954.

The defendant filed her answer wherein she denied generally the allegations of the complaint, admitted conveyance of the property by plaintiff to defendant, and alleged that the transaction was a gift. As to the third cause of action for money loaned, the defendant denied generally the allegations and pleaded the statute of limitations (Code Civ. Proc., § 339, subd. 1).

Thereafter, before trial, the defendant died and proceedings were had whereby her administrator was substituted as defendant. The action proceeded to trial as against the administrator.

At the trial plaintiff testified in her own behalf, the evidence being received over defendant's objection and subject to a subsequent motion to strike. Plaintiff's evidence so given was substantially in support of the allegations of the complaint and in support of the allegations as to the nature of the transactions. The defendant objected to this testimony upon the ground that plaintiff was not a competent witness under Code of Civil Procedure, section 1880, subdivision 3, which provides that parties or assignees of parties, or persons in whose behalf an action is prosecuted, are incompetent witnesses. The objection was also interposed that the evidence with reference to the alleged agreement between plaintiff and decedent was inadmissible under the parol evidence rule.

Dr. Cecil B. Hays, the husband of plaintiff, likewise testified, his evidence being concerned largely with the matter of the loan. Upon cross-examination he stated that he had an interest in the money and in the property, stating: "We have but one pocketbook." The question was asked: "And if the money comes in you will receive an interest in the money that comes? A. Naturally." Similar objections were made to the testimony of this witness. Further objection was urged as to all testimony that the third cause of action for money loaned was barred by the statute of limitations.

Two other witnesses testified on behalf of the plaintiff. The evidence of these witnesses, although not detailed, is to the effect that they heard the conversations between plaintiff and the deceased, in which it was stated that the deceased would sell the property for plaintiff and would receive out of the proceeds a commission of 10 per cent.

At the close of the testimony the defendant moved to strike all of the testimony of plaintiff and her husband upon the ground that they were incompetent witnesses under subdivision 3 of section 1880 of the Code of Civil Procedure. This motion was granted. The plaintiff then asked leave to introduce in evidence the depositions of plaintiff and of Mrs. Clark, which had been taken in the action. This application was denied. The grounds of objections thereto and of the court's ruling are not clear from an examination of the record. Thereupon defendant moved for a nonsuit upon the ground that there was no sufficient evidence to establish a cause of action, and upon the further ground that such testimony tended to vary the terms of the deed from plaintiff to deceased and violated the parol evidence rule. The nonsuit was granted and judgment rendered thereon. Plaintiff appeals.

The first question to be determined is whether or not the plaintiff was a competent witness to testify. The appellant seeks to avoid the provisions of section 1880, *supra,* upon the theory that the action partook of the nature to establish a trust or a resulting trust. This contention is untenable. The matter of the title to the property was not involved. It was conceded in the pleadings that the property was conveyed to deceased by sufficient grant deed and it was undisputed that thereafter and prior to the commencement of the action the property had been sold to innocent purchasers. The purchasers were not parties to this action and there was no attempt to establish any interest in or trust in the property. Nor was there any attempt to establish a trust in any fund or assets or property claimed to have been the proceeds of the sale of the property. The action was for money. Plaintiff sued for $2,750 and in support thereof contended that the money was owed to her because deceased had sold the property for her and was thereby indebted to her.

Under such circumstances it seems beyond controversy that plaintiff was an incompetent witness to testify with respect to the arrangements between her and the deceased. (See *Adams* v. *Herman,* 106 Cal.App.2d 92 [234 P.2d 695].) This is true

unless, in some manner, the incompetency of plaintiff as a witness was waived.

Whether plaintiff's husband was incompetent to testify is a somewhat different question. It is true that on cross-examination he answered general questions to the effect that he was interested in the action and had some right in any recovery. The matter was not the subject of further interrogation either by counsel or the court. Under the rule that an appellant has the burden to establish that reversible error was committed, the order of the court striking out the testimony of the witness would not be ground for reversal. By so stating, however, this court does not intend to lay down any law of the case. This is for the reason that there is in evidence the deed by which title was conveyed to plaintiff in the first instance. This is a grant deed to plaintiff, a married woman, as her separate property. The grant deed from plaintiff to deceased was executed by plaintiff alone, her husband not joining. In the face of these facts, it is somewhat questionable as to whether the quoted statements by the witness on cross-examination are sufficient to establish that he was, as a matter of law, a person in whose behalf the action was prosecuted.

The courts of California have held on many occasions that the spouse of a plaintiff is not disqualified to testify fully as to the facts where the subject matter of the action is the separate property of the plaintiff. (*Manford* v. *Coats*, 6 Cal. App.2d 743 [45 P.2d 395]; *Badover* v. *Guaranty Trust etc. Bank*, 186 Cal. 775 [200 P. 638]; *Mitchell* v. *Tibbetts*, 131 Cal. App.2d 480 [280 P.2d 860].) The attitude of the courts of California in this regard is well illustrated by the decision in *Bayless* v. *Reed*, 47 Cal.App. 139 [190 P. 211]. In that action the plaintiff husband was seeking to recover for services rendered by his wife. It was held that the wife was a competent witness to testify as to the services for the reason that the husband was the person legally entitled to collect them.

We call attention to this phase of the case for the reason that the statements made by plaintiff's husband on cross-examination with reference to his "interest" in the proceedings are somewhat indefinite and upon a retrial of the action the parties should not be prevented from fully investigating the matter by the rule of the law of the case.

As to the third cause of action for money loaned, the matter need not be further considered for the reason that it is apparent that this cause of action was barred by the statute of

limitations. Appellant makes no serious contention to the contrary.

It appears, therefore, that upon the present record, the plaintiff and her husband appear to have been incompetent to testify under the provisions of section 1880, *supra,* sometimes referred to as the "dead man's statute." ██ It is to be borne in mind in this connection that the statutory disqualification has to do with the competency of the witness to testify and not with the materiality of the testimony offered. It therefore follows that if there be a waiver of the disqualification in any respect, the disqualification of the witness disappears and he becomes a competent witness for all purposes in that trial or any succeeding trial of the action. Thus, in *McClenahan* v. *Keyes,* 188 Cal. 574 [206 P. 454], it was held that in an action against the administrator, the taking of the deposition of the plaintiff on behalf of the administrator constituted a waiver of the disqualification and rendered plaintiff a competent witness for purposes in succeeding trials. Likewise, in *Deacon* v. *Bryans,* 88 Cal.App. 322 [263 P. 371], it was held that cross-examination of the plaintiff upon any subject concerning which he was disqualified under the statute waived entirely his disqualification and rendered him a competent witness for all purposes at the trial and in a succeeding trial of the same action.

The only remaining question necessary for determination, therefore, is whether the trial court erred in granting a nonsuit. The defendant and respondent appears to have relied upon the theory that the remaining evidence was insufficient to establish the agreement relied upon and that the evidence relative to any oral agreement between the parties violated the parol evidence rule. Neither contention is well taken. It is to be recollected that this action is one to recover money alleged to be due to plaintiff from deceased. Without objection there was introduced in evidence the deed to the deceased and a sufficient part of the escrow filed to show the sale by deceased to the innocent purchaser and the amount received therefrom. The action, therefore, was nothing more nor less than an action to recover money. ██ It is true that parol evidence is not admissible for the purpose of varying the terms of a deed of conveyance. (*Beall* v. *Fisher,* 95 Cal. 568 [30 P. 773].) But parol evidence is admissible to show the terms of a collateral agreement in connection with the conveyance of the property. (*Moffatt* v. *Bulson,* 96 Cal. 106 [30 P. 1022, 31 Am.St.Rep. 192].) ██ It is recognized by sub-

division 2 of section 1962 of the Code of Civil Procedure that evidence may always be received to show the consideration of the instrument. (See *Treat* v. *Treat*, 170 Cal. 329 [150 P. 53].) It was held in *Merced Oil Mining Co.* v. *Patterson*, 153 Cal. 624 [96 P. 90], that a collateral agreement made as a consideration for the transfer of property could be proven by parol testimony and that the same does not in any respect vary the terms of the deed. (See *White* v. *Schader*, 185 Cal. 606 [198 P. 19, 21 A.L.R. 499].)

It is to be noted that the execution, delivery and recording of the deed were admitted by the pleadings and it was also admitted that the defendant did not pay the stated consideration therefor. The evidence offered by plaintiff purported to show that the consideration for the conveyance was the agreement of deceased that when she sold the property she would pay the money received to the plaintiff, less such sum as would constitute her compensation.

We have carefully examined the record of the testimony of the two witnesses whose evidence was not stricken by the trial court. Although this evidence is not detailed and leaves something to be desired from that standpoint, nevertheless, there is in that testimony sufficient evidence to support the inference that there was an oral agreement between plaintiff and deceased whereby deceased undertook to sell the property for plaintiff and pay to plaintiff the money received, less a "commission" of 10 per cent. Under such circumstances, the ruling of the trial court granting a nonsuit was erroneous.

In that connection, one other matter must be observed. It appears from the record that upon the granting of the motion to strike the testimony of plaintiff and her husband, the plaintiff asked leave to introduce in evidence the deposition of plaintiff and deceased. This motion was denied and a nonsuit granted.

The deposition of plaintiff is not a part of the record before this court. However, it was quoted at considerable length upon the cross-examination of the plaintiff by counsel for the defendant. From the excerpts thus given, there is indication that this deposition supported the claims of plaintiff with reference to her alleged oral agreement with the deceased. It must be borne in mind that plaintiff's disqualification as a witness arose from the provisions of section 1880, *supra*. Apparently, plaintiff's deposition was taken on behalf of the defendant at the time when Mrs. Clark, the original defendant, was still alive. At that time plaintiff was not an incompetent

witness and her deposition thus taken was admissible in evidence. Squarely in point is *McKee* v. *Lynch*, 40 Cal.App.2d 216 [104 P.2d 675], which opinion is based on *Kay* v. *Laventhal*, 78 Cal.App. 293 [248 P. 555]. In each of those cases the deposition of the plaintiff was taken and thereafter the defendant died and the action proceeded against his estate. Thereafter, objection being raised as to the incompetency of the plaintiff as a witness because of the bar of section 1880, *supra,* it was held that the deposition so taken was properly admitted in evidence and that it was error to exclude it.

■■ The purpose of a nonsuit is to apprise both the court and counsel of the deficiencies in the case made by the plaintiff. Where it appears to the court that proper evidence is available and the defect in plaintiff's case can be cured, it is an abuse of discretion to refuse to admit such evidence. (See *Eatwell* v. *Beck*, 41 Cal.2d 128 [257 P.2d 643].) This rule has particular applicability to the case at bar for the reason that upon the striking of plaintiff's testimony from the record she sought to cure the defect in her case by offering her deposition. The deposition of the deceased would likewise have been properly received if it contained material statements.

Judgment reversed.

Griffin, P. J., and Mussell, J., concurred.