[Civ. No. 25690. Second Dist., Div. Four. Mar. 5, 1962.]

WILLIAM MORGAN et al., Plaintiffs and Respondents, v. WESTERN HO, INC., et al., Defendants and Appellants.

Taylor, Sherman & Heller and Charles B. Taylor for Defendants and Appellants.

Gyler & Gottlieb and Norman H. Gottlieb for Plaintiffs and Respondents.

JEFFERSON, J.—Defendants appeal from an adverse judgment arising from an action for breach of contract and from an order denying a motion for a new trial. The order is not appealable. (*Rodriguez* v. *Barnett*, 52 Cal.2d 154, 156 [338 P.2d 907].) The facts material to this appeal are as follows: On April 27, 1959, plaintiffs, doing business as Western Restaurant Equipment Company, contracted in writing with defendants to sell and install on defendants' premises certain items of restaurant equipment for the sum of $60,282.25. Under paragraphs "FOURTH" through "SIXTH" of this agreement (herein referred to as the "April contract") three thousand dollars was to be paid initially with the balance payable upon completion of the installation by seller; the seller was not required to commence performance until the balance of the purchase price or financing approved by it

had been obtained; and the seller reserved the right to obtain financing for defendant buyer with payments over a 60-month period if the buyer was unable to obtain financing approved by the seller.

On May 20, 1959, the parties entered into a modification agreement (herein referred to as the "May contract").

The May contract provided for deletion of certain items of equipment to be sold and installed pursuant to the April contract with a price reduction to $43,500. This amount was to be paid as follows: a down payment of thirty thousand dollars; $3,500 due 90 days from the opening date of defendants' restaurant; and the ten thousand dollar balance to be secured by a conditional sales contract payable with 6 per cent interest per annum in 36 months. On the following day, May 21, 1959, the defendants announced their intention not to be bound by the terms of either agreement.

Plaintiffs filed a complaint alleging, in the first two causes of action, a breach by defendants of the April and May contracts. The third cause of action, a common count for services performed and expenses incurred, was later dismissed.

After a nonjury trial, the court found in substance: the May contract superseded the April contract so that no recovery could be had on the first cause of action; the defendants breached the May contract; and the financing arrangements in the April contract were not made a part of the May contract because of specific provisions for financing in the later agreement. Judgment was given for plaintiffs. ■■ Defendants appeal from the judgment contending the financing provisions of the April contract were unenforceable because of uncertainty and lack of mutuality. They further contend the May contract is invalid because it "contained all of the conditions and provisions of the agreement of April 27, 1959." This assertion rests on the answer of plaintiff William Morgan to a question posed by defendants' attorney:

"Q. Other than the change in price down to $43,500, what was said with reference to the contract you were to draw; were the other clauses going to be similar to the contract of April 27th? A. Yes."

This contention is untenable. It is clear from the face of the contract that new financing arrangements were intended and made by the parties. The new provisions superseded paragraphs "FOURTH" through "SIXTH" of the April contract, and the question of the validity of the former is unimportant. (See Rest., Contracts, § 408.) The May contract was valid

and was breached by the defendants. The findings of the trial court were supported by substantial evidence. The court properly denied defendants' motion for a new trial.

The judgment is affirmed, and the appeal from the order denying a new trial is dismissed.

Burke, P. J., and Balthis, J., concurred.