[Civ. No. 30519. Second Dist., Div. One. Dec. 9, 1966.]

WILLIAM J. PRAY, Plaintiff and Respondent, v. PAUL ARNO BABBITT, as Executor, etc., Defendant and Appellant.

 

Louis W. Shaffer for Defendant and Appellant.

Gyler & Gottlieb and Norman H. Gottlieb for Plaintiff and Respondent.

LILLIE, J.—Plaintiff had judgment against defendant, as the executor of his deceased brother's estate, in the sum of $8,000; such sum represented the agreed value of certain Colorado property which plaintiff deeded to his brother in October of 1958 to provide security for a loan contemporaneously secured by the latter for an oil exploration venture. Trial was had on plaintiff's theory that the decedent acquired the property in trust for plaintiff's benefit until the loan was repaid; since the property was eventually lost through foreclosure (in 1964), after the institution of the action, plaintiff was given a money judgment in lieu of a trust in the specific property to secure payment of the amount he had advanced. From such judgment defendant appeals.

The trial court found in pertinent part that the subject property was conveyed to the decedent on October 17, 1958, at an agreed valuation ($8,000) which sum the latter agreed to repay; that at no time thereafter was any part of said sum repaid nor did plaintiff receive any consideration for the transaction; that prior thereto, on July 23, 1958, decedent executed his last will which named plaintiff as the sole beneficiary, and that said instrument was to protect plaintiff for advances theretofore made by plaintiff to decedent, including "said purchase price of $8,000" here in suit; further, that said will was a substamtial factor in inducing plaintiff not to take steps to collect from decedent the aforesaid sum of $8,000 prior to the latter's death; that although there was no valid contract between the brothers for decedent to will property to plaintiff in consideration of the latter's advances to the former, a resulting and constructive trust was created by the conveyance of the Colorado property to the extent of the purchase price and reasonable value thereof, namely, $8,000; that plaintiff's reasonable reliance upon the execution of the decedent's will, which reliance said decedent in turn acted upon

(although he was free from fraud in so doing), created an estoppel against any defense of the statute of limitations with respect to the enforcement of plaintiff's claim; that the property has become unavailable for the imposition of a trust thereon because of its sale to the purchaser at a trustee's sale.[1] From the foregoing findings appropriate conclusions of law were drawn.

Three major points are made by appellant—first, neither the pleadings nor the evidence supports the determination that a trust in the subject property, either resulting or constructive, was established; second, since no trust was created, respondent was incompetent to testify to the details of the transaction (Code Civ. Proc., § 1880, subd. 3); and third, the claim in suit is barred by the statute of limitations. As shown above, the trial court found both types of trust arose from the arrangements testified to by respondent, although they have been distinguished in the cases: "A resulting trust has frequently been called an intention-enforcing trust, as opposed to the fraud-preventing function of a constructive trust." (*Seabury* v. *Costello,* 209 Cal.App.2d 640, 645 [26 Cal.Rptr. 248].) Appellant argues that since the trial court found that decedent was not guilty of fraud, at least in allowing respondent to believe that decedent's will afforded security for the advances made so that he forebore to institute action earlier, no constructive trust was created;[2] he also points to certain statements of the court, in summing up, which might (or might not) sustain his position were it not for the settled rule that antecedent statements of the court inconsistent with its findings must be disregarded.

Since respondent's account of his arrangements with his brother is undisputed, including non-reimbursement of the purchase price, decedent clearly was possessed of property at the time of his death to which he was not rightfully entitled if the trust theory of respondent's claim is sustained by the evidence. In such event both statutory and decisional law would have afforded a remedy to respondent in the form of a constructive trust. "One who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner" (Civ. Code, § 2223); and it is further provided that "One who

[1]It further appears that for a stated sum ($250) the purchaser paid to defendant executor all of the estate's redemption rights in and to the parcel.

[2]Within a few days prior to his death in 1962, decedent apparently executed a new will from which respondent was excluded.

gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." (Civ. Code, § 2224.) In *Bainbridge* v. *Stoner*, 16 Cal.2d 423, 428 [106 P.2d 423], it is declared: "The theory of a constructive trust was adopted by equity as a remedy to compel one to restore property to which he is not justly entitled, to another. The person holding the property may have acquired it through fraud, undue influence, breach of trust, or in any other improper manner and he is usually personally liable in damages for his acts." Because it is "a remedial device primarily created to prevent unjust enrichment" (*Ornbaun* v. *Main*, 198 Cal.App.2d 92, 98 [17 Cal. Rptr. 631]), the case just cited also observes that "the courts have even gone so far as to hold that the theory behind the creation of this kind of trust extends to practically any case where there is a wrongful acquisition of property to which another is entitled." (P. 99.) The fact of the later will not being in dispute, the trial court could well have found that a constructive trust was established by the breach of decedent's agreement to devise the property to respondent. (*Aho* v. *Kusnert*, 12 Cal.2d 687, 690 [87 P.2d 358].)

Presumably it did not make any such or similar finding because of the absence of any evidence showing (or tending to show) that the brothers had agreed that decedent would reconvey *the property* in suit. The above deficiency of proof likewise defeats the claim of a resulting trust pursuant to section 853, Civil Code, providing that "When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." (See *McNeil* v. *Dow*, 89 Cal.App.2d 370 [200 P.2d 859].) The present action, in short, was not one to secure a reconveyance of the subject parcel; it was for money representing the agreed valuation thereof at that time, which sum has never been repaid. It is, therefore, not a situation where a court should recognize the right of a beneficiary under an involuntary trust to obtain a money judgment in lieu of a destroyed res (*Corey* v. *Struve*, 170 Cal. 170, 174 [149 P. 48]), since in our case the claimant was not interested in the res but in its monetary value. It is of interest, furthermore, that the original complaint was for monies advanced and makes reference to creditor's claims which were rejected by the executor;

but in an action to establish a resulting trust no claim need be filed (*Back* v. *Farnsworth,* 25 Cal.App.2d 212, 220 [77 P.2d 295]), and the same is true of a suit to enforce a constructive trust. (*Trower* v. *Young,* 40 Cal.App.2d 539, 547-548 [105 P.2d 160].) It is true that the pretrial conference order made mention of respondent's contention, among others, that there was real property in Colorado conveyed to the deceased in trust for plaintiff; in view thereof, the trial court properly permitted proof that had for its purpose the establishment of the theory on which respondent relied. As shown above, such proof falls short of the objectives for which it was produced.

On the contrary, the question of title to the Colorado property was not an issue actually litigated, nor could it have been. The land was concededly sold to innocent purchasers for value who were never made parties to the action, nor was there any attempt to establish any interest in or trust to the parcel in suit. Almost apposite is *Hays* v. *Clark,* 175 Cal.App.2d 565 [346 P.2d 448], involving an asserted resulting trust, where the court concluded that "The action was for money. Plaintiff sued for $2,750 and in support thereof contended that the money was owed to her because deceased had sold the property for her and was thereby indebted to her." (P. 568.) The only difference between that case and ours is that here the property was permitted to be foreclosed and the decedent's executor, the appellant, accepted the sum of $250 for redemption rights. If it should be argued that *Hays* is distinguishable because it was there determined that no attempt was made to establish a trust in any fund or assets or property representing the proceeds of the sale, whereas the present appellant accepted $250 for a release of the interests above mentioned, we repeat that there was no trust res upon the destruction or unavailability of which a money judgment could be rendered.

Since *Hays* controls, so should the conclusions which flow from the facts there found, namely, that respondent was an incompetent witness to testify with respect to the arrangements between decedent and himself. Cited in *Hays* is *Adams* v. *Herman,* 106 Cal.App.2d 92, 103-104 [234 P.2d 695], which clearly points out that if the action is not one to establish a trust, the inhibitions of section 1880, subdivision 3, Code of Civil Procedure, apply. While this statute, the so-called "deadman's statute," has been the subject of recent criticism, it still governs this case. Accordingly, since respondent was incompetent to testify, it was error to overrule appellant's objections, seasonably asserted, to such competency. Without

this testimony, of course, respondent had no establishable claim, and the judgment cannot stand.

By reason of the above conclusions, it becomes unnecessary to discuss other points raised by appellant.

The judgment is reversed.

Wood, P. J., and Fourt, J., concurred.