[Civ. No. 8908.    Fourth Dist., Div. One.    May 22, 1968.]

MEL MORRISON et al., Plaintiffs and Appellants, v. M. E. FRAZIER et al., Defendants and Respondents.

Higbie & Higbie and Suzanne Robinson for Plaintiffs and Appellants.

James Hollowell for Defendants and Respondents.

COUGHLIN, J.—Plaintiffs, Mr. and Mrs. Morrison, appeal from that part of a judgment denying recovery from defend-

ants M. E. Frazier and F. & S. Management & Investment Corp., of the sum of $5,000 allegedly received by the latter for the use and benefit of the former.

Plaintiffs claim they paid the $5,000 to defendants as a deposit on the purchase price of property under a contract of sale evidenced by escrow instructions. The contract was terminated by mutual consent. Defendants claim that $5,000 was paid to them in consideration for an extension of the time within which plaintiffs might perform under the contract.

The transaction was initiated by negotiations between plaintiffs and a broker acting on behalf of defendants to whom plaintiffs paid a deposit of $1,000. Escrow instructions were executed by the parties which provided, in substance, plaintiff would purchase and defendants would sell the property in question; plaintiffs would pay $50,000 in cash, and assume a $50,000 encumbrance; the $1,000 deposit was to be placed in escrow forthwith; the remaining $49,000 in cash was to be placed in escrow prior to December 10, 1965; and defendants were to deposit in escrow prior to that date all instruments necessary to effect a transfer of the property sold. The instructions also contained the following provision:

"THIS ESCROW IS SUBJECT TO AND CONTINGENT UPON THE BUYERS BORROWING A PORTION OF THE DOWN PAYMENT FROM A SERVICE STATION SITE, LOCATED IN DEL MAR, LEASED TO RICHFIELD OIL COMPANY FOR 11 MORE YEARS, AND YOU WILL BE ADVISED IN WRITING THAT SAID CONTINGENCY HAS BEEN SATISFIED OR NOT WITH NO FURTHER APPROVAL FROM SELLER."

On December 9, 1965, plaintiffs, by letter directed to the escrow holder, requested an extension of time within which to perform their part of the agreement. The letter was shown to defendant Frazier who refused to grant the extension and advised the escrow holder accordingly. Thereafter, plaintiffs sought the extension through the broker who, in turn, contacted defendants and was advised the latter would grant an extension only upon payment by plaintiffs of the sum of $5,000 outside of escrow, which would be nonrefundable in the event the sale was not completed. The broker related the foregoing terms to plaintiffs who agreed and paid the $5,000 by a check. Thereafter the parties modified the escrow instructions by the following writing:

"THE DATE ON LINE 53 (i.e., the date of performance or closing of escrow) SHALL BE AMENDED TO READ AS FOLLOWS: JANUARY 25, 1966.

"PURCHASER, MEL MORRISON and NANCY MORRISON, HAVE

PAID THE SUM OF $5000 OUTSIDE OF ESCROW TO SELLER, AND SELLER HEREBY ACKOWLEDGES RECEIPT OF SAME.

"CONSIDERATION TO BE PAYABLE AS FOLLOWS:

| | |
|---|---|
| "CASH PAID OUTSIDE OF ESCROW | 5,000.00 |
| CASH THROUGH ESCROW | 45,000.00 APPROX. |
| ENCUMBRANCE OF RECORD | 50,000.00 APPROX. |
| TOTAL | $100,000.00 |

"ALL OTHER TERMS AND CONDITIONS REMAIN THE SAME."

Plaintiffs were unable to obtain the financing they had contemplated through use of their service station site; sought financing through other sources; requested a further extension within which to make the payment prescribed by the escrow instructions, which was denied; and on January 28, 1966 served defendants with a notice of rescission to which defendants responded on January 31, 1966, agreeing to a rescission.

The instant action sought recovery of the $1,000 paid into escrow and the $5,000 paid to defendants. The court allowed recovery of the $1,000 less plaintiffs' share of the escrow expense, but denied recovery of the $5,000.

■ Plaintiffs contend the evidence establishes, as a matter of law the $5,000 paid to defendants was a deposit on the purchase price of the property and, under the ruling in *Rodriguez* v. *Barnett,* 52 Cal.2d 154 [338 P.2d 907], they were entitled to a return of this deposit upon rescission of the agreement to purchase.

Defendants contend the evidence supports a finding the $5,000 was paid them in consideration of their agreement to extend the time for performance to January 25, 1966, and if the transaction was consummated, to apply that amount toward the purchase price; and this agreement was an independent consideration for the payment of the $5,000, which was performed by execution of the escrow modification, and was not affected by rescission of the agreement to purchase. This contention is well taken. The evidence upon which defendants rely, although subject to conflicting interpretations and inferences, adequately supports the claimed finding. ■ The resolution of such conflicts is a matter within the exclusive province of the trial court. (*Shields* v. *Shields,* 200 Cal.App. 2d 99, 102 [19 Cal.Rptr. 129]; *Adoption of Curtis,* 195 Cal. App.2d 179, 183 [15 Cal.Rptr. 331].) ■ On appeal it is assumed they were resolved in favor of the prevailing party. (*Thomas* v. *Hunt Mfg. Corp.,* 42 Cal.2d 734, 736 [269 P.2d 12].) ■ At the time the extension was requested,

defendants had several other prospects for the purchase of the subject property; could have terminated the agreement to sell for failure of plaintiffs to perform; and in forebearing their rights in the premises furnished consideration for the payment to them of the amount demanded. (*Krobitzsch* v. *Middleton,* 72 Cal.App.2d 804, 809 [165 P.2d 729]; *Middlecamp* v. *Zumwalt,* 100 Cal.App. 715, 722 [280 P. 1003]; cf. *Henry H. Cross Co.* v. *Prentice,* 137 Cal.App. 497, 500 [30 P.2d 1017].)

The decision in *Rodriguez* v. *Barnett, supra,* 52 Cal.2d 154, cited by plaintiffs in support of their position, and the decision in *Caplan* v. *Schroeder,* 56 Cal.2d 515 [15 Cal.Rptr. 145, 364 P.2d 321], addressed to a similar situation, authorize recovery by a purchaser of a deposit made in part performance of his obligation under a purchase agreement even though it is therein provided the seller may retain the deposit in the event the purchaser fails to complete the purchase as a consideration for execution of the agreement. In these cases the court determined the circumstances established as a matter of law payment of the deposit was not a "meaningful separate consideration" for the seller's execution of the agreement; was made in part performance of the purchaser's obligations under the agreement, which were the consideration for seller's execution of the agreement; and was recoverable to the extent it exceeded any damage sustained by the seller from failure to complete the purchase.

In the case at bench the $5,000 payment was a separate consideration for a modification which imposed upon defendants an obligation additional to those created by the original agreement, i.e., the obligation to sell if plaintiffs paid $45,000 into escrow within the extended time limit. Under the circumstances in this case, as contended by defendants, the plaintiffs in practical effect were given an option for an additional 30 days within which to purchase the property upon the terms set forth in the escrow instructions. Plaintiffs were not obliged to purchase the property unless they could finance it through use of their Del Mar service station site. They were unable to obtain financing by this method. This fact became known to them shortly after the extension was granted. Nevertheless, under the agreement they were entitled to finance the property from other sources; attempted to do so; and did not relinquish their claim under the agreement until expiration of the extended period.

Plaintiffs contend the escrow instructions as modified established the $5,000 was paid on the purchase price, and any showing to the contrary violates the parol evidence rule. This

contention is without merit. Evidence of the oral agreement establishing payment of the $5,000 was a consideration for extending the period of performance by plaintiffs did not vary the terms of the escrow instructions as modified. Under these instructions, in the event plaintiffs completed the purchase they were to be given a credit for the $5,000 theretofore paid outside of escrow. The oral agreement did not vary this provision of the escrow instructions. It concerned a matter about which the instructions were silent, i.e., the consideration for the extension. An oral agreement collateral to and executed contemporaneously with a written agreement concerning a matter upon which the writing is silent, and which is not inconsistent with its terms, does not vary or alter the terms of the written agreement. (*Pellissier* v. *Hunter*, 209 Cal.App.2d 306, 310 [25 Cal.Rptr. 779]; *Hays* v. *Clark*, 175 Cal.App.2d 565, 570 [346 P.2d 448]; *Ace Realty Co.* v. *Friedman*, 106 Cal.App.2d 805, 811 [236 P.2d 174]; cf. *Mangini* v. *Wolfschmidt, Ltd.*, 165 Cal.App.2d 192, 198 [331 P.2d 728].) Furthermore, the statement in the modification to the escrow instructions referring to the method of payment of the consideration or purchase price was subject to the explanation the $5,000 paid outside of escrow, although a credit upon the purchase price in the event the sale was culminated, was given to obtain an extension of the time for performance by the purchasers. (Evid. Code, § 622; *Field* v. *Austin*, 131 Cal. 379, 382, 383 [63 P. 692].)

■ Plaintiffs also direct attention to the notation on the $5,000 check they gave defendants which they contend supports their position it was given in part performance of their obligation to purchase. However, the check and accompanying notation constitute merely a receipt which is not subject to the parol evidence rule. (*Snodgrass* v. *Parks*, 79 Cal. 55, 60 [21 P. 429].) In addition, the evidence showing the check was given in consideration for the extension did not vary the notation thereon.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.